**FIRST TEXAS PRUDENTIAL INS. CO. v. CAMPOS. (No. 1158.)**

(Court of Civil Appeals of Texas. El Paso, Jan. 13, 1921.)

**Insurance 602—Insurer liable for statutory penalty, though demand was for amount exceeding that due.**

Insurer held liable for the 12 per cent. statutory penalty and attorney's fee under Rev. St., art. 4746, for failure to pay amount due on policy on demand, notwithstanding that demand was for an amount in excess of that due.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Suit by Maria Campos against the First Texas Prudential Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Turney, Burges, Culwell, Holliday & Pollard, of El Paso, for appellant.

W. S. Berkshire, of El Paso, for appellee.

HARPER, C. J. The appellee instituted this suit against appellant Insurance Company for $164 on an insurance policy issued to Jose Campos, husband of appellee, alleged notice and demand, failure and refusal to pay, and because of the failure to pay asked for the statutory penalties and attorney's fees.

The defense is fraud, in that the deceased represented his age to be 27 years, when in

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fact he was 47 years of age, when the policy was issued; further, that if the court should not find fraud and misrepresentation, the premiums paid would have paid for a policy in the sum of $136, and not $164, sued for.

Tried by the court without a jury, judgment rendered for $136 and for 12 per cent. penalty and for $50 attorney's fee, and the company has appealed.

By the first and third assignments it is urged:

"That the judgment of the court allowing the statutory penalty of 12 per cent. on $136, amounting to $16.32, is contrary to the law of this state, as the statute provides a penalty of 12 per cent. of the policy after demand is made therefor. The uncontradicted testimony shows that the plaintiff, Maria Campos, demanded of the defendant the sum of $164, which the defendant refused to pay, and the court found that plaintiff was entitled to $136, which sum was never at any time demanded of the defendant, and therefore plaintiff was not entitled to recover the statutory penalty."

And the same points are made with respect to the judgment for attorney's fees. The proposition is that the demand was for more than the company owed; therefore it could refuse to pay and not suffer the penalty. We are of the opinion that the demand was sufficient to require the appellant to pay the amount due upon the policy, and a failure by it to pay, as provided by statute, subjects it to the penalty and attorney's fees. Article 4746, Rev. Civ. Stat. of Texas; American Nat. Ins. Co. v. Hawkins, 189 S. W. 330; Floyd v. Ill. Life Co., 192 S. W. 607; Manhattan Ins. Co. v. Cohen, 139 S. W. 58; National Life Ass'n v. Parsons, 170 S. W. 1041.

Finding no error, affirmed.