### NATIONAL LIFE INSURANCE COMPANY v. MARY MOUTON.

No. 3825. Decided June 30, 1923.

(252 S. W., 1040.)

1.—Insurance—Life—Demand—Damages and Attorney's Fees.

Under Article 4746, Revised Statutes, the demand necessary to entitle plaintiff to recover twelve per cent. statutory damages and attorney's fees need not ·specify the amount claimed. A plaintiff who demanded and at first sued for more than the amount due by proper construction of the policy, and this within less than thirty days from demand, but who later, by amendment, reduced her claim to the amount due, and recovered, could .also have judgment for the statutory damages and attorney's fees against a defendant who had offered to pay nothing and denied all liability on the trial. (Pp. 227-231).

2.—Same—Cases Discussed.

Mutual Life Ins. Co. v. Ford, 103 Texas,· 522, and First Tex. Prud. Ins. Co. v. Campos, 227 S. W., 244, followed. American Nat'l. Ins. Co. v. Turner, 226 S. W., 487, disapproved. (Pp. 228, 229).

Question certified from the Court of Civil Appeals for the Ninth District, in an appeal from Jefferson County.

The Supreme Court, having referred the question to the Commission of Appeals, Section A, for its opinion thereon, here adopts same as its answer to the question certified.

*Morris & Barnes,* for appellant.

This Statute is highly penal and must be strictly construed.   Mutual Life Ins. Co. v. Ford, 103 Texas, 522, 131 S. W., 406;   State v. I. & G. N. Ry. Co., 107 Texas, 349, 179 S. W., 867; Sovereign Camp W. O. W. v. Downer, 241 S. W., 228;  American Nat'l Ins. Co. v. Turner, 226 S. W., 487.   Such is the uniform holding, not only in the Courts of Texas, but elsewhere:  Miller v. Firemen's Ins. Co., 229 S. W., 261, (Mo.); St. Paul Fire & Marine Ins. Co. v. Kirkpatrick, 164 S. W., 1186, (Tenn.).

A recovery of the penalty and attorney's fees cannot be had where a demand has been made on the insurer for more than is due.   Such a construction of the Statute would render it unconstitutional.   Penn Mutual Life Ins. Co. v. Maner, 101 Texas, 553, 109. S. W., 1084; Manhattan Life Ins. Co. v. Stubbs, 234 S. W., 1099; American National Ins. Co. v. Turner, 226 S. W., 487; First Texas Prudential Security Co. v. Smallwood, 242 S. W., 498;   National Life Ins. Co. v. Mouton, 242 S. W., 782;  T. S. E. Ry. Co. v. Brown, 186 S. W., 273;  Pacific Mutual Life Ins. Co. v. Carter, 92 Ark., 378, 123 S. W., 384; Bostwick v. Turner Const. Co., 277 Fed., 759;   M. K. & T. Ry. Co. v. Cade, 233 U. S., 642, 58 L. Ed., 1135;  G. C. & S. F. Ry. Co. v. Ellis, 165 U. S., 150, 41 L. Ed., 666;  Interstate Business Men's Acc. Ass'n v. Sanderson, 229 S. W., 714;  Fidelity Phoenix Ins. Co. v. Friedman, 174 S. W., 215;   Pacific Mutual Ins. Co. v. Armstrong, 93 Ark., 84, 124 S. W., 236;  Hart v. Springfield Fire & Marine Ins. Co., 136 La., 114, 66 So., 558.

The plaintiff is equitably estopped from claiming an attorney fee on any state of facts other than those set forth in his demand of April 27th.  Providence-Washington Ins. Co. v. Boatner, 225 S. W., 1115; 21 C. J., 114, Sec. 142, and Texas Cases there cited; Schwab v. Brotherhood of American Yeoman, 243 S. W., 443.

There can be no recovery for penalty and attorney's fee unless a thirty days' demand is made for the amount due.  Penn. Mutual Life Ins. Co. v. Maner, 101 Texas, 553, 109 S. W., 1084; Mutual Life Ins. Co. v. Ford, 103 Texas, 552, 131 S. W., 406;  International Traveller's Ass'n v. Powell, 196 S. W., 957;  Northwestern Life Ins. Co. v. Sturdevant, 59 S. W., 61;  Am. National Ins. Co. v. Hollingsworth, 189 S. W., 792;  Gen. Accident Fire & Life Ins. Ass'n v. Lacy, 151 S. W., 1170;  French v. Fidelity Union Cas. Co., 115 N. W., 869, 17 L. R. A. (N. S.), 1011;  De Rossett Hat Co. v. London Fire Co., 134 Tenn., 199, 183 S. W., 720; St. Paul Fire Ins. Co. v. Kirkpatrick (Tenn.), 164 S. W., 1186; Iowa Ins. Co. v. Lewis, 187 U. S., 335, 47 L. Ed., 204, construing the Texas Statute.

*Thomas N. Hill*, for appellee.

It is not essential that the statutory demand be made before suit; suit may be filed, and demand be made thereafter, and upon failure of the insurance company to comply with the demand, the fact of demand and refusal thereunder, may be set up in an amended petition filed more than thirty days after such demand and refusal, and where the defendant denies all liability in the suit, and unsuccessfully defends same, plaintiff is entitled to his damages and attorney's fees under the statute. Southern Union Life Insurance Co. v. White, 188 S. W., 266; Security Trust & Life Insurance Co. v. Hallum, 73 S. W., 554; Northwestern Life Ins. Co. v. Sturdevant, 59 S. W., 61.

Where a loss occurs under a life insurance policy and the beneficiary makes demand of the insurance company for payment thereunder, which demand is refused, the company denying all liability under the policy, and the beneficiary sues for the exact amount due, and recovers the exact amount due, as against an answer of the insurance company pleading no liability, but specially denying same, the defendant is liable under the statute, for damages and attorney's fees, though the original demand was for a greater sum than was sued for and recovered. Manhattan Life Insurance Co. v. Stubbs, 216 S. W., 896; Texas Prudential Insurance Co. v. Campos, 227 S. W., 244; Floyd v. Illinois Life Insurance Co., 192 S. W., 607; National Life Insurance Co. v. Parson, 170 S. W., 1041; National Life Insurance Co. v. Hawkins, 189 S. W., 330; Manhattan Life Ins. Co. v. Cohen, 139 S. W., 51; Mutual Reserve Life Ins. Co. v. Jay, 109 S. W., 1117.

The additional 12% on the policy, provided by the statute, is not a penalty, but is declared damages, and the statute should be liberally construed to effect its purpose. Manhattan Life Ins. Co. v. Cohen, 139 S. W., 51; Mutual Life Ins. Co. v. Jay, 109 S. W., 1117; Insurance Co. v. Chowning, 86 Texas, 655; American Life Ins. Co. v. Hawkins, 189 S. W., 330; Manhattan Life Ins. Co. v. Stubbs, 216 S. W., 896; Texas Prudential Security Co. v. Campos, 227 S. W., 244; Final title Revised Civil Statutes of Texas, Section Three.

MR. PRESIDING JUDGE GALLAGHER delivered the opinion of the Commission of Appeals, Section A.

This case is before us on a certificate from the Honorable Court of Civil Appeals for the Ninth Supreme Judicial District.

The National Life Ins. Co., appellant in said court, is a life and accident insurance company. It issued a policy on the life of Joseph Mouton. Mary Mouton, appellee in said court, is named as beneficiary therein. Joseph Mouton, was lost at sea in a storm about September 8, 1918. Said policy of insurance on his life was in full force and effect at the time.

Appellee furnished proofs of the death of the insured and on the 27th day of April, 1920, made due demand on appellant in the sum of $280.00, it being her construction of the policy at the time she made the demand that she was entitled to that sum as beneficiary in said policy. Appellant denied liability in any sum and never paid nor offered to pay her anything. On the 24th day of May, less than 30 days after such demand, appellee sued appellant for the sum of $280.00 with legal interest as the amount due her according to the terms of the policy, and also for statutory damages and attorney's fees. Appellant answered in said suit and denied all liability.

The case was called for trial on the 16th day of August, 1921. Appellee at that time filed an amended petition reducing her demand to $140.00 with legal interest and statutory damages and attorney's fees. Appellant amended its answer and denied that the insured was dead and further pleaded that if insured was in fact dead his death occurred under circumstances which created no liability under the policy.

The case was tried by the court without a jury on the same day said amended pleadings were filed and resulted in a judgment in favor of appellee in the sum of $140.00, with interest thereon from the 27th day of April, 1920, at the rate of 6% per annum and for 12% on the amount of such recovery as statutory damages for not paying the loss on demand and for the further sum of $75.00 as reasonable attorney's fees for prosecuting said suit.

Appellant carried the case to said Court of Civil Appeals. That court reformed the judgment of the trial court by striking out the respective sums recovered by appellee as statutory damages and attorney's fees and affirmed the judgment as so reformed. 242 S. W., 782.

On motion of appellee that court has, upon the facts above stated, certified to the Supreme Court the following question:

"Is the appellee, Mary Mouton, entitled to the statutory damages of 12% upon the face of the policy, $140.00, being the amount she recovered, together with the reasonable attorney's fees of $75.00 for the prosecution and collection of her loss?"

The right to recover statutory damages and attorney's fees in suits on insurance policies in this State is dependent on compliance by the beneficiary in such policies with the provisions of article 4746 of the Revised Civil Statutes, and the subsequent failure of the insurer to comply with such provisions. Said article reads as follows:—

"In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in

addition to the amount of the loss, twelve per cent damages on the amount of such loss, together with reasonable attorney's fees for the prosecution and collection of such loss.''

A claimant under a policy of life insurance, in order to recover the damages and attorney's fees provided in such article is required to make a specific demand for the loss insured against by such policy. The mere filing of a suit to recover on a policy is not a demand within the meaning of said article. It is, however, not necessary to the validity of such a demand that it be made before the institution of a suit, provided the plaintiff, after the expiration of thirty days therefrom as specified in said article, by proper averment, sets up such demand by amended petition. Mutual Life Ins. Co. v. Ford, 103 Texas, 522, 131 S. W., 406; Security Co. v. Hallum, 73 S. W., 554, (writ refused.)

The certificate shows that demand for payment of the loss on the policy issued by appellant on the life of the insured was duly made long before the filing of appellee's amended petition and that such demand was set up therein. Appellant's contention is that said demand was wholly insufficient to confer upon appellee the benefit of the provisions of said article because the sum claimed therein was excessive.

The article under consideration does not in terms provide that the demand therein required shall state the exact amount, or any particular amount, claimed to be due under the policy. The sufficiency of a demand for payment under such article was considered by our Supreme Court in Penn. Mutual Life Ins. Co. v. Maner, 101 Texas, 553, 563-4, 100 S. W., 1084. The demand in that case was in the form of a letter to the insurance company from attorneys for the beneficiary. In such letter they stated in substance that certain policies on the life of the insured, which policies were designated therein by their serial numbers only, had been placed in their hands for collection. The letter called attention to the provisions of said article of the statutes and requested payment. Nothing whatever was contained in the letter with reference to the amount stated in the face of said policies nor the amount claimed to be due to the beneficiary thereon. The Court held such letter a sufficient demand to entitle the beneficiary to recover the damages and attorney's fees provided for by said article.

The exact point under consideration was before the Court of Civil Appeals for the Eighth District in the case of First Texas Prudential Ins. Co., v. Campos, 227 S. W., 244. The Court in that case held that the beneficiary of the policy was entitled to recover the statutory damages and attorney's fees provided for by said article upon failure of the insurance company to pay the loss within the time

specified in said article, notwithstanding the sum demanded was in excess of the amount actually due on the policy.

Appellant cites in support of its contention on this point, among other cases, Union Terminal Co. v. Turner Construction Co., 247 Fed., 727, 159 C. C. A., 585, 11 A. L. R., 880; Pac. Mutual Ins. Co. v. Carter, 92 Ark., 378, 123 S. W., 384, 388, 124 S. W., 764, and American National Ins. Co. v. Turner, 226 S. W., 487.

The case of Union Terminal Co. v. Turner Construction Co., *supra,* involved the construction of a statute of the State of Florida, providing for the recovery of attorney's fees in a suit to enforce a mechanic's lien. That statute gave a lien to secure the claims of laborers and materialmen on buildings and other structures and on the land upon which the same were constructed. It provided for the enforcement of such liens by a suit at law in which the plaintiff was required to state the manner in which the lien arose, the amount thereof and a description of the property claimed to be subject thereto. It further provided that in event the plaintiff prevailed in such suit the court should fix and allow a reasonable attorney's fee. Laws of Florida, 1903, chapt. 5143, secs. 2, 5, 13 and 17. That statute did not require a prior demand with an ensuing period of grace in which the defendant might investigate the claim and pay, or offer to pay the sum actually due thereon. The filing of suit and the prosecution of the same to judgment was the procedure prescribed. By the express terms of the statute the plaintiff was required to state the amount of his demand in his petition and to recover thereon before he was entitled to attorney's fees. It is a matter of common knowledge that claims for labor and material are promiscuous in their nature and grow out of various kinds of contracts, both oral and written, express and implied. The nature of such claims naturally differentiate them from a claim for loss under a particular policy of insurance prepared and issued by the insurer. We do not think that there is sufficient analogy between said statute of Florida and the article of our statutes under consideration to make such decision a controlling precedent in construing said article.

The statute of the State of Arkansas construed by the Supreme Court of that State in the case of Insurance Company v. Carter, *supra,* was in legal effect identical with the article of our statute above quoted. That court construed such statute to require the demand to be in the amount due and declared that a demand in excess of the amount actually due on the policy furnished no predicate for the recovery of statutory damages and attorney's fees. No authority was cited by such court in support of its holding, and the only argument advanced in support thereof was that the insurer had a right to contest a claim it did not owe. The duty of the insurer under such statute to pay or offer to pay what it did owe on account of

such loss was not referred to nor discussed. The other cases from that court also cited by appellant simply follow that decision as a precedent, without discussion.

The Court of Civil Appeals for the Third District, in the case of American National Ins. Co. v. Turner, without discussion, followed and quoted from the opinion of the court in Insurance Co. v. Carter, *supra.* The Arkansas cases and Terminal Co. v. Construction Co., *supra,* were the only authorities cited in the opinion of the court in that case.

It is a matter of common knowledge that the forms of policies of life insurance and the stipulations and conditions therein contained are selected and prescribed by the insurer. It is also a matter of common knowledge that many of such policies in common use are more or less complicated and that the determination of the exact obligation assumed by the insurer involves a proper and sometimes difficult construction of their provisions. In case of endowment policies promising participation in the earnings of the company, the amount due thereon is dependent in part on the dividend or distributive share of such earnings apportioned by the company to such policy at its maturity. See: Manhattan Life Ins. Co. v. Stubbs, 216 S. W., 896, 234 S. W., 1099. In case of policies providing for annual dividends and giving the insured the option of drawing the same in cash or applying the same to the purchase of additional paid-up insurance, the amount due thereon is necessarily dependent in part upon the number and amount of the dividends, if any, so applied.

Upon the maturity of a life insurance policy by the death of the insured the amount due the beneficiary is to be ascertained by construing the provisions of such policy and applying the same to the facts of the case. This the insurance company can do as well or better than the beneficiary. By the terms of the article under consideration a period of thirty days is permitted to elapse in which the company may ascertain the facts and determine whether it is liable, and if so, the extent of its liability before it can be subjected to the additional burdens imposed thereby. Regardless of the amount demanded by the beneficiary, it can discharge its full duty in the premises and absolve itself from liability under said article by paying or offering to pay the amount actually due within the time so specified. The duty to do so is, in our opinion, imposed, at least by implication, by the terms of said article. In this case, appellant never admitted its liability in any sum whatever. It contested appellee's demand, after she reduced the amount thereof, as vigorously as it did before. It contends on this appeal that plaintiff's recovery is without support in the evidence. We do not think appellant was excused from the duty of paying or offering to pay the amount actually due appellee on the policy sued on in response to her demand, be-

cause she originally construed such policy to entitle her to a larger sum that she was actually entitled to receive. Nor do we think that appellant is entitled, notwithstanding such demand, to contest her claim to final judgment in the appellate court and still escape the burden imposed by said article on the ground that she misconstrued its contract and demanded more than she was entitled to receive.

We answer the question certified as follows:—

The appellee, Mary Mouton, is, under the facts certified, entitled to the statutory damages of 12% on the amount of the policy sued on and reasonable attorney's fees for the prosecution and collection of her loss in the sum of $75.00, as fixed by the judgment of the court.

The opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

<div align="right">

· C. M. Cureton,

Chief Justice.