**STANDARD ACC. INS. CO. OF DETROIT, MICH., v. BITTLE.**

Circuit Court of Appeals, Fifth Circuit.
November 22, 1929.

Rehearing Denied December 13, 1929.
No. 5629.

of Texarkana, Tex., on the brief), for appellant.

Hugh Carney, of Atlanta, Tex., and Elmer L. Lincoln, of Texarkana, Tex., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This was a suit on a policy of combined health and accident insurance. The policy provided for the payment of $200 per month for 12 months because of total disability resulting from sickness, and $200 per month for 48 months for total disability resulting independently of all other causes from accident. The maximum indemnity under both features was $200 per month. The insured sued and recovered judgment for the full indemnity less a payment of $600, provided for total disability from accident. The judgment included 12 per cent. of the principal amount as a penalty, as well as an attorney's fee, as authorized by article 4736, Revised Civil Statutes of Texas, for the failure of an insurance company to pay the amount due under an insurance policy within 30 days after demand. The insurance company defended on the grounds that disability of the insured was partial and not total, and was attributable to sickness rather than accident, and that the insured released it from all liability upon the payment by it of $600 for an alleged liability extending over three months. The assessment of the statutory penalty and an attorney's fee was resisted on the ground that the insured had neither pleaded nor proved a demand for payment which complied with the article of the Texas Revised Statutes above cited.

At the close of the evidence the trial court denied appellant's motion for a directed verdict, held that the release was without consideration and withdrew it from the jury as an issue in the case, and directed the jury to assess the statutory penalty and a reasonable attorney's fee in the event they found for the insured on the main issue of whether there was a total continuing disability resulting solely from accident. These rulings appellant duly excepted to and assigns as error.

Appellee was a dentist, and while at work in his office fell, striking his arm against a radiator and breaking or dislocating it at the shoulder, striking his head against the window casing and his side or back against the footrest of his dental chair. He was taken to the hospital and thereafter to his home, where he was confined for three months under the care of physicians. During this time he was

J. Q. Mahaffey, of Texarkana, Tex. (M. U. Hayden, of Detroit, Mich., and Jno. J. King, J. I. Wheeler, and C. E. Bryson, all

totally incapacitated for work, but made a few visits to his office. Appellee, according to evidence submitted in his behalf, continued throughout the period of four years covered by the policy to suffer total disability in the sense that he was unable both physically and mentally to engage in his occupation in his customary or usual manner, although for a while he paid visits to his office and attempted to work, but, finding himself unable to do any work of a substantial nature, practically abandoned his occupation. Before the accident, his mental and physical condition was sound. On the other hand, appellant introduced several physicians who gave it as their opinion that whatever disability existed resulted in part at least from sickness, and was not caused solely by the accident.

Upon the expiration of three months from the date of the accident appellant's agent drew a sight draft upon it for $600 payable to the order of appellee, and appellee indorsed the draft and collected that amount. Above his indorsement appeared an acknowledgment of full and final satisfaction of all claims against appellant for any cause arising before the date of the draft. Within a few days thereafter appellee notified appellant by letter that he had not received payment for the current month, and appellant replied that the draft had been accepted in full settlement of all current or future claims, and that there would be no further indemnity due on the policy. Immediately after the four-year period covered by the policy had expired, appellee wrote a letter to appellant in which he stated that his purpose was to give notice of his accident as a result of which he said he had become permanently disabled, and that the letter was offered as proof and notice of the loss sustained. Appellee's original petition, which was filed before the full period of total disability had expired, alleged a demand for indemnity, and his amended petition filed after the expiration of the time covered by the policy alleged that he had made claim for the amount due more than 30 days prior thereto, and that appellant had refused payment.

■ We are of opinion that whether the disability was total or partial, whether it continued for the full four years covered by the policy and whether it resulted solely from sickness or from accident independently of all other causes, were all questions of fact for the jury. There was no substantial conflict in the evidence which would justify an inference that the disability was less than total during the first three months after the accident. A disability is total if it prevents the party suffering it from performing acts necessary to the prosecution of his business in substantially the customary and usual manner, and does not mean a state of absolute helplessness or inability to perform, at peril to health, some of the acts required in the conduct of a business or occupation. One is considered disabled who cannot perform an act of any practical use or benefit. 14 R. C. L. 1315; United States v. Eliasson (C. C. A.) 20 F. (2d) 821. Appellant was therefore bound by the policy to pay indemnity for total disability for three months, and $200 per month was the amount payable, regardless of whether the disability was the result solely of accident or of sickness. This being so, the draft for $600 was payable under either theory, and the release was not binding upon appellee, because it was without consideration.

■■ We are of opinion that a sufficient demand was alleged and proved to permit recovery of a reasonable attorney's fee and the penalty provided by Article 4736, Revised Civil Statutes of Texas. We had occasion to consider this statute in Pan-American Life Insurance Co. v. Terrell (C. C. A.) 29 F.(2d) 460. Under the Texas decisions, the bringing of a suit is not sufficient to constitute a demand, but it must be alleged that demand was made 30 days before suit. However, a demand may be made after the institution of suit and pleaded by way of amendment, but no particular form of demand is essential, and a request for payment is sufficient. Penn Mutual Life Insurance Co. v. Maner, 101 Tex. 553, 563, 109 S. W. 1084; National Life Insurance Co. v. Mouton, 113 Tex. 224, 252 S. W. 1040.

We think that under these decisions the demand in this case was sufficiently pleaded. The original petition alleged a demand, but it was filed before all the payments were due. The amended petition alleged that a claim was made for the amount due, and no objection was made which called for a more definite and specific allegation. Under the facts of this case, the proof of demand would also seem to be adequate. Appellant evidently understood appellee's letter calling attention to the fact that a past-due payment had not been made to be a demand, for it proceeded at once to deny any liability except for the first three months. With this correspondence in mind, appellant could not reasonably have doubted that the purpose of the letter written by appellee after the period covered by the policy had expired was to make a demand for payment, as it could not have been written with any other object in view.

The judgment is affirmed.