## AMERICAN NAT. INS. CO. v. LA BLUE.

### No. 3714.

Court of Civil Appeals of Texas. Amarillo. Jan. 20, 1932.

Rehearing Denied Jan. 27, 1932.

Tatum & Strong, of Dalhart, for appellant.

B. N. Richards, of Dalhart, for appellee.

HALL, C. J.

The appellant, insurance company, issued a policy upon the life of Vena May La Blue. the wife of appellee, insuring her life in the sum of $1,000, and naming her husband, appellee herein, as beneficiary. Mrs. La Blue made a written application for the policy on

December 9, 1930. A photostatic copy of the application was attached to the policy and made a part thereof. She died on February 7, 1931, after the payment of two monthly premiums of $1.31 each. The application is what is termed a nonmedical application, and contained numerous questions to be answered by the applicant. After the death of his wife, appellee made proof of death upon blanks furnished him by appellant's agent, and, after the expiration of thirty days, upon failure of appellant to pay, this suit was instituted for the purpose of recovering the face of the policy and $333.33 as attorney's fees and an additional 12 per cent. as damages for failure to pay upon receipt of proof of death.

The appellant company answered by general demurrer and general denial, and specially answering alleged that on December 9, 1930, Mrs. La Blue made application through the appellant's soliciting agent, D. P. Meador, for insurance upon her life in the sum of $1,000, naming her husband as beneficiary; that she made the written application which was delivered to the appellant company as a basis for determining whether or not the company would issue the policy so applied for; that said application contained, among other questions, the following: .

"Are you now in sound health?" to which she answered: "Yes."

"Name below all causes for which you have consulted physicians or other practitioner in the last seven years." To which she answered:

"Illness: Appendicitis, 1926. Number of attacks: One. Severity and duration: Average twelve days. Any remaining effects: None. Name and address of attending physician: Drs. Nichols and Guest, Plainview, Texas.

"Childbirth: 1927 and 1929. Number of attacks: Two. Severity and duration: Normal. Any remaining effects: None. Name and address of attending physician: Dr. Redford, Plainview, Texas."

"Does any physical or mental defect exist?" to which she answered: "No."

"Are the menstrual functions now normal?" to which she answered: "Yes."

"Ever had a tumor or disease of the breast, womb or ovaries?" to which she answered: "No."

Among other stipulations, the application contained the following:

"I expressly waive on behalf of myself and any other person who shall have or claim any interest in any policy issued on this application, all provisions of law forbidding any physician or other person who has examined me or who may hereafter do so from disclosing any knowledge or information gained thereby and hereby give my consent that such knowledge or information be furnished to this Company on request."

"I hereby agree that all the answers and statements made to the Company's agent in lieu of medical examination, together with those contained in my application, are true and complete and that they are offered to the American National Insurance Company as a part of the consideration for and as the basis of the contract with said Company under any policy issued on my application and that no other statements, representations or information made or given by or to the person soliciting or taking my application for insurance or to any other person shall be binding on said Company unless the same be reduced to writing and made a part of said application."

"And I further agree that any policy issued thereon shall not take effect until the first premium shall have been actually paid to the Company and the policy delivered to me during my life time and continued good health. * * *"

"I agree that no person, whether agent of the Company or otherwise, who may deliver to me a policy is authorized to determine whether I am then in good health nor does the Company by such delivery of said policy to me determine that question, but such delivery and the taking effect of said policy is subject to the existence of my continued good health, which by receiving the said policy I represent to have been unchanged."

"I certify that the foregoing questions were read to me and that my answers are correctly recorded by the Company's agent."

The appellant further alleged that the policy was issued on January 14, 1931, and delivered to Mrs. La Blue on January 23d; that there was no medical examination, and the issuance and delivery was based on the questions and answers contained in her application, believing her said answers to be true and complete, and that she was in good health at the time of making the application and at the time of the delivery of the policy; that she did not make complete and truthful answers to such questions, but said answers were false and untruthfully made, which fact was known to her and her husband, and were so made for the purpose of inducing appellant to rely upon same and issue said policy; that her answers were false and untrue, in that she stated she was in good health on December 9, 1930, and did not give all the causes for which she had consulted a physician within the preceding seven years; that in her answers she stated that her menstrual functions were at that time normal, and that she had no tumor or diseased ovary, when in truth and in fact she knew that she was not in good health and that her menstrual functions were not normal and that she had a tumor or diseased ovary; that she had

consulted Dr. K. W. Pieratt during the month of November, 1930, who examined and treated her and advised her that she had a diseased ovary and would have to be operated upon, all of which facts were known to her and appellee at the time she made said application; that said misrepresentations were material to the risk to be assumed by appellant, and were acted upon as true by appellant in issuing said policy; that, if appellant had known that the same were untrue and incomplete, the policy would not have been issued or delivered to her.

It is further alleged that she was not in good health when the policy was issued and delivered; that after the application she had been treated for her then condition and was operated upon early in the month of January, 1931, and had not recovered from the operation at the time the policy was delivered, all of which was unknown to appellant; that appellant did not learn of the falsity of her answers nor ascertain the true facts until about the middle of March, 1931, and within ninety days thereafter notified the beneficiary, W. N. La Blue, that it would not be bound by the contract of insurance.

By supplemental petition, the appellee pleaded waiver and estoppel, and the case was submitted to a jury on special issues, and resulted in a judgment against appellant for the sum of $1,000, with 12 per cent. thereon as a penalty and the further sum of $333.33 as attorney's fees.

It is insisted by the first proposition that the trial court erred in permitting Mrs. Ruth Cameron, a witness for the appellee, to testify that Mrs. La Blue had told her that she had visited Dr. Pieratt, who had examined her on December 16, 1930.

Reference to the bill of exception upon which this proposition is based does not sustain the contention. As we understand the bill, no hearsay testimony was elicited from this witness.

It appears from the record that Mrs. La Blue stated in her application made December 9, 1930, that she was then in good health; that no physical defect existed, and in the application she specified certain causes for which she had consulted a physician during the preceding seven years. She does not state in the application that she ever consulted Dr. Pieratt prior thereto, and there is evidence in the record to the effect that in November before she signed the application she had consulted Dr. Pieratt, who informed her that she had a diseased ovary, and that she would have to be operated upon for that trouble, and there is further testimony to the effect that her menstrual functions were not normal, and that she had knowledge of her condition prior to the time she filed her application.

The witness Hampton, who represented the insurance company as manager of the underwriting department, testified that it was his duty to examine applications for insurance made to the company and to determine whether or not from an inspection of an application a policy would be issued to the applicant, that he examined the application in question and recommended the issuance of the policy, but that, if he had known that Mrs. La Blue had been examined by Dr. Pieratt in November, and that he had advised her to be operated upon, the policy would never have been issued and delivered.

■ While the testimony is conflicting with reference to this matter, the evidence introduced by the appellant is sufficient to have required the court to submit the several special issues bearing upon this ground to the jury. The failure of the court to submit the matter for the consideration of the jury requires a reversal of the judgment.

The next contention to be considered is that the evidence is insufficient to show a demand by La Blue for payment of the policy.

■ It has been frequently held that a demand for payment is necessary, under R. S. art. 4736, before the plaintiff can recover the 12 per cent. damages and reasonable attorney's fees in an action upon the policy. But the Commisssion of Appeals in National Life Insurance Company v. Mouton, 113 Tex. 224, 252 S. W. 1040, has held that such demand is not necessary before filing suit if the plaintiff, after the expiration of thirty days from the date of the demand, subsequently made, by proper averments, sets up the fact of the demand in an amended petition. In view of this holding and the further holding by the federal court in Standard Accident Insurance Co. v. Bittle (C. C. A.) 36 F.(2d) 152, and authorities therein cited, and in the case of First Texas Prudential Insurance Company v. Long (Tex. Civ. App.) 28 S.W.(2d) 220 (writ of error granted), we deem it unnecessary to make any further comment, because the question may not arise upon another trial.

■ The appellant insists that the court should have directed a verdict in its favor because the application contained a stipulation that the insurance policy to be issued thereon should not take effect, unless delivered during the insured's lifetime and continued good health, and further stipulated that no person, whether the agent of the company or otherwise, who delivered the policy, was authorized to determine whether the insured was then in good health, and because of the further stipulation that the company by the delivery of the insurance policy to the insured would not determine that question, but that the taking effect of the policy was subject to the existence of the insured's continued good health.

The contention under this proposition is

that, because between the date of the application and the day upon which the policy was delivered Mrs. La Blue underwent an operation by which a part of her left ovary was removed, her good health did not continue between said dates.

We do not construe the policy as requiring absolute good health between these dates. According to the uncontradicted testimony of her physician, she had recovered from the effects of the operation and was in good health, and the first premium had been paid when the policy was actually delivered to her on January 23d.

The next provision requires that the taking effect of the policy is subject to the existence of the continued good health. The rule is that, where the language of an insurance policy is ambiguous, it is to be construed most strongly against the insurer. Under this provision, if the policy had been delivered before she recovered from the effects of the operation, it would not have taken effect and would not have been void in the event of her death as a result of the operation, but, as we construe the language, even under those conditions it would have become effective as soon as she recovered her health. The facts show that it was not delivered until she had entirely recovered, and the jury so found.

We therefore think that the court did not err in refusing to direct a verdict against appellee.

The appellant had alleged that Mrs. La Blue had made false answers to several of the interrogatories in making out the application for insurance, and specifically set out the several questions to which the alleged false answers were made. The only issue submitted to the jury presenting this phase of the case is special issue No. 1, as follows: "Did the deceased Vena May La Blue in her application for insurance in the policy sued on, make any false statements of any fact in such application?"

Objection was made to this issue because it was too general and did not specify the particular questions to which the false answers had been made.

R. S. art. 2189, provides that special issues shall be submitted distinctly and separately. In its pleadings the appellant had alleged distinctly and separately the several matters, and we think the statute required that the issues be so presented. Speer's Law of Special Issues, §§ 172 and 182.

It is held in numerous cases following Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, that the defendant is entitled to have each separate defense distinctly submitted to the jury, and the failure of the trial court so to do is reversible error.

What we have said disposes of the material questions presented, and, for the reasons stated, the judgment is reversed and the cause remanded.

### On Motion for Rehearing.

One of the grounds upon which we reversed the judgment was the action of the court in submitting special issue No. 1 to the jury inquiring whether Mrs. La Blue in her application made any false statement of any fact. In the motion, the appellee calls to our attention special issue No. 1, which the insurance company requested, as follows: "Were the answers of Vena May La Blue to all the questions contained in her application for the issuance of the insurance policy in question true and complete?"

This matter was not mentioned in the briefs. The insistence in the motion is that the requested instruction is in substance the same as special issue No. 1, and that the error of the court in giving special issue No. 1 is therefore invited error. We incline to the opinion that this position is well taken.

The judgment must be reversed, however, upon other grounds, and, since the error complained of will probably not occur on another trial, it will not be further discussed, and the motion is overruled.