**TRAVELERS INS. CO. v. CADENA.**

No. 9709.

Court of Civil Appeals of Texas. San Antonio.

Feb. 12, 1936.

Rehearing Denied March 11, 1936.

Templeton, Brooks, Napier & Brown and W. F. Nowlin, all of San Antonio, for appellant.

McCloskey & Wasaff, of San Antonio, for appellee.

BOBBITT, Justice.

Appellee herein and plaintiff below, Mary Carrie Cadena, brought this suit against the Travelers Insurance Company, appellant here and defendant below, based on a policy of group insurance issued by the appellant to her employer, the Wolff &

Marx Company of San Antonio, Tex., alleging that she became insured and was insured in the sum of $1,000, as provided in said group policy, and that certain certificate No. 267 issued to her as a part of said group policy of insurance, which is described as No. G–3319.

For convenience, the parties will be designated as in the trial court.

Plaintiff's claim and suit was based upon the written provisions of the said group policy of insurance providing for total permanent disability benefits, stipulated therein as follows:

"Permanent Total Disability Benefit:—If any Employee shall furnish the Company with due proof that while insured under this policy and before having attained the age of sixty, he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the Company will waive further payment of premium as to such Employee and pay in full settlement of all obligations to him under this policy the amount of insurance in force hereunder upon his life at the time of the receipt of due proofs of such disability, in a fixed number of installments chosen by the Employer from the table in the paragraph entitled 'Modes of Settlement,' the first instalment to be paid immediately upon receipt of due proofs of such disability. Any instalments remaining unpaid at the death of the Employee shall be payable as they become due to the beneficiary designated by such Employee. Such remaining instalments may be commuted into one sum on the basis of interest at the rate of three and one-half per cent. per annum. * * *"

The schedule of payments to be made under such policy, in favor of plaintiff, as therein stipulated, is as follows:

Schedule of Instalment Payments

| Amount of Insurance in Force at Date of Commencement of Disability | Number of Months for which installments will be paid | Amount of Each Monthly Instalment Payment |
|---|---|---|
| $1000 | 39 | $27.06. |

Plaintiff also pleaded her certificate No. 267, as issued to her, and as based upon said group policy. Such certificate contained a provision that "unless the employee (plaintiff) shall have, at the commencement of such disability, been con-

tinuously in the employ of the Employer from January 25, 1932, and continuously insured hereunder from such date, * * *" in case of such disability, the installment payments as scheduled should be qualified so that the "first instalment to be payable three months after receipt of due proof of such permanent total disability, provided such disability shall have then continued for a period of at least six months. * * *"

It is clear that the provisions thus set out in the certificate were to govern and control the policy of insurance as it applied to new employees, and that such stipulations have no application to old employees, who were employed prior to January 25, 1932, and who otherwise come, as plaintiff does, within the plain provisions of the policy and the certificate as to scheduled payments and the "modes of settlement" plainly expressed in the contract of insurance. Plaintiff alleged that she furnished defendant with "due proof" in writing of her total and permanent disability, in accordance with the provisions of the policy and certificate, and that she made demand on the defendant for payment. Plaintiff further alleged that, under the terms and provisions of said policy and certificate, defendant became bound and obligated to pay her the sum of $1,000, in thirty-nine monthly installments of $27.-06 each, and she sought to recover all matured installments and future installments in a lump sum, the liability to be fixed and determined as to all installments, because defendant denied all liability under the policy and certificate and completely repudiated its contract with her under such instruments.

Plaintiff alleged that by reason of defendant's repudiation of its contract, and by reason of the fact that she was compelled to employ attorneys to enforce her rights thereunder, she should not only recover the amount due her under the policy of insurance, but that defendant had become liable and should be required to pay to her the statutory penalty of 12 per cent., interest on the amounts due, together with reasonable attorney's fees for the prosecution of her claim, all as provided by article 4736, Revised Civil Statutes, as amended by Acts 1931, c. 91, § 1 (Vernon's Ann.Civ.St. art. 4736).

The defendant answered by general demurrer and general denial, and specially denied that plaintiff furnished it with "due proof" that she had been totally disabled within the meaning of the group policy contract, so as to prevent her from engaging in any occupation for wage and profit, and that such disability would be continuous and permanent during her further lifetime.

The case was tried to a jury, upon special issues, which were answered and returned into court as the verdict of the jury.

Under appropriate and sufficient pleadings and pursuant to full and clear definitions and instructions from the trial judge, the jury found the issues of fact as follows:

(1) That plaintiff, while insured under group policy No. G–3319 and certificate No. 267, became wholly disabled by bodily disease;

(2) That such bodily disease will be permanent;

(3) That such bodily disease will be continuous;

(4) That plaintiff will be wholly prevented for life from engaging in any occupation for wages;

(5) That plaintiff will be wholly prevented for life from engaging in any employment for profit;

(6) That plaintiff made demand on the defendant for payment of $1,000;

(7) That plaintiff, prior to such demand, made due proof to the defendant that she became wholly disabled by bodily disease and would be permanently, continuously, and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit;

(8) That defendant refused to pay plaintiff said $1,000; and

(9) That the amount of $500 would be a fair and reasonable compensation to the attorneys for plaintiff for necessary professional services in instituting and prosecuting this suit.

Upon such verdict the court rendered judgment in favor of plaintiff for the principal amount of the policy sued on, in a lump sum, with the 12 per cent. statutory penalty, and in addition thereto $500 as reasonable attorney's fees in the case, aggregating $1,620, and for interest at the rate of 6 per cent. per annum from the date of the judgment.

Defendant prosecutes this appeal from such judgment on the contentions that

plaintiff has not shown herself to come within the provisions of the policy as to disability; that she failed to make "due proof" of the character of disability covered by, and within the terms of, the contract of insurance, making the claim that as to plaintiff the installments of payments stipulated were not to be paid until three months after "due proof" of her total disability, which must have continued six months; that the trial court erred in submitting to the jury the issues as submitted as to (1) the nature and extent of plaintiff's disability, (2) her "due proof" of disability to defendant prior to making demand for payment under the policy, and (3) the necessity for and reasonableness of her claim for attorney's fees; that the court erred in rendering judgment for statutory penalties and attorney's fees, and in permitting plaintiff to introduce in evidence a copy of an ex parte statement by her family physician, Dr. E. O. Evans, as to her physical condition.

After a careful review of the entire record before us and a full investigation of the authorities cited, we have reached the conclusion that defendant's contentions cannot be sustained.

Defendant admitted, in open court, on the trial, that: (a) The group policy contract and the certificate issued thereunder and declared upon were duly issued by the defendant and in force at the time of the alleged permanent and total disability as claimed by plaintiff in her petition; (b) that all premiums due thereon were duly and legally paid by plaintiff and accepted by defendant; and (c) that said group policy and certificate thereunder were in "full force and effect" at such time, and "particularly in so far as the plaintiff is concerned."

■ It is clear to us, from a simple reading of the provisions of the policy and the certificate issued thereunder in respect to disability of the employee, that the three months' and six months' periods, in the matter of "due proof" and as sought to be applied to plaintiff's claim by defendant, have no application whatever. Plaintiff, it is plainly shown by the record, was an "old employee" of the Wolff & Marx Company, having worked for that concern for at least more than ten years prior to her alleged disability, and the plain provisions of the group policy contract applied to her situation, viz., that any employee while insured under such policy, and complying with its terms, in case of disability, as stipulated, shall be paid the installments as set out therein, "the first installment to be paid immediately upon receipt of due proofs of such disability," etc. The stipulations contained in the certificate, relating to the three and six months' periods, apply, it is clear, to "new employees," or those who have worked only a short period of time. There is, of course, a perfectly good reason for such a provision as to the new or short-time employees, but we cannot understand how, in the face of the plain provisions of the policy itself and the undisputed facts in this record, defendant takes the position that its contract does not mean what it says. We, therefore, overrule all of defendant's propositions based upon its contentions that the three months' or six months' periods, as to due proof, have any application to the claim of plaintiff in this cause.

■ On the question of "due proof" of disability under the provisions of the policy applicable to plaintiff, and as above discussed, we find that the pleadings authorized, the testimony sustained, and the jury, under proper charge, found, the facts squarely against the contention of defendant. The record is plain that plaintiff became disabled in the month of October, 1932; that she had to quit work on account of her illness the latter part of December of that year; that she then called on the defendant company to secure her a doctor, which it declined to do, it being under no duty so to do; that she went to the defendant company's San Antonio office, at the request of the agent of defendant, and made a claim direct; that she then sent a note to Mr. Little, defendant's local agent, who discussed with her the question of her "getting well in three months, etc." It is undisputed that plaintiff was treated by her own physician from time to time, who on February 27, 1934, certified in writing that he had treated her for pernicious anemia since January 5, 1933, and since that time she had not been able to do any kind of work, and that she, in his opinion, was permanently and totally disabled to do any kind of work. It is undisputed that on April 7, 1933, in connection with her attempt to furnish defendant "due proof" of her condition, defendant requested her to fill out its own form of "Statement by or on be-

half of policy holder, The Travelers Insurance Company, Hartford, Connecticut, Permanent Total Disability Benefits, —————— Life Insurance," which she did, showing the treatment by Dr. E. O. Evans, of San Antonio, and which statement the record shows the defendant company received in its Dallas, Tex., office April 21, 1934, and which statement or report gave the defendant a written history of her illness and disability, which began, or had its "onset," in the month of October, 1932. In addition, it is shown that the defendant was mailed, on February 27, 1934, a copy of the written report of Dr. Evans of that date, in connection with another formal claim and demand by the attorneys for plaintiff.

Plaintiff then filed this suit on March 31, 1934. In addition to her own testimony and that of several other lay witnesses as to her condition, plaintiff furnished defendant the uncontradicted written statements of Dr. Evans as to her disability; and his testimony on the trial of this case is clear and uncontradicted, and fully justifies and supports the findings of the jury on the question of the nature and extent of plaintiff's disability.

It is our opinion, and we hold, that plaintiff furnished defendant with more than the legally required "due proof" of her disability in this case; that defendant was advised by her of the nature and extent of her disability and the requisite "due proof" thereof made long prior to her demand upon defendant for payment of the full amount due, in a lump sum, under the terms of the policy in question; that the testimony fully supports the findings and verdict of the jury on all such issues, as well as the finding that defendant refused to pay plaintiff the amount due under the terms of the policy, after the demand was made. "Due proof," in such cases as here at issue, does not mean that technical and iron-clad rule or requirement which would defeat the very plain and practical purposes for which citizens, employers and employees alike, pay premiums for such insurance, but that plain, practical, and satisfactory information which will meet the test of common sense and reason, under the facts and circumstances in which the parties, both the insurers and the insured, are respectively situated. In short, "due proof" as here used is such proof as, under the facts of a particular case and under proper charge of the court, would be deemed by an impartial jury to be sufficient. The record before us shows that defendant and its agents were fully advised as to plaintiff's disability many months before suit was filed. It is noted, also, that defendant did not deny notice of this claim nor comply with article 5546, R.S., in its answer. 33 C.J. p. 6, par. 648; American National Ins. Co. v. Callahan (Tex.Civ.App.) 51 S.W.(2d) 1083; State Life Ins. Co. v. Atkins (Tex.Civ. App.) 9 S.W.(2d) 290; Metropolitan Life Ins. Co. v. Funderburk (Tex.Civ.App.) 81 S.W.(2d) 132; Alamo Health & Accident Ins. Co. v. Cardwell (Tex.Civ.App.) 67 S. W.(2d) 337; Standard Accident Ins. Co. v. Williams (Tex.Com.App.) 14 S.W.(2d) 1015; Federal Life Ins. Co. v. Rascoe (C. C.A.) 12 F.(2d) 693; Texas Power & Light Co. v. Culwell (Tex.Com.App.) 34 S.W.(2d) 820; 10 Tex.Jur. § 263, and cases cited.

In reference to defendant's complaint of the action of the trial court in submitting to the jury the question of the necessity for and reasonableness of the attorney's fees on behalf of plaintiff, and defendant's assertion that there was no evidence to support the submission of such issue, we simply state that the record herein fully supports the finding of the jury that defendant refused payment to plaintiff, after demand on her part for the amount due her under the terms of the policy. Defendant repudiated its contract of insurance, following plaintiff's demand for payment in accordance with its provisions, and after "due proof" of disability by plaintiff. It seems to us that the facts and circumstances of this case show the necessity for, and the very purpose of, the statute in this state providing penalties for defaulting insurers, and some measure of relief in the form of attorney's fees for the insured, when, after the payment of premiums in the hope and trust of aid in the event of misfortune, they find themselves sick and destitute and unable to employ attorneys to safeguard their rights.

The trial court very properly submitted to the jury the question as to what amount of money, under the circumstances, would be fair and reasonable compensation to the attorneys for plaintiff for necessary professional services in instituting and prosecuting the suit herein. The finding of the jury, based upon the testimony of two attorneys of high character and ability and members of the Bexar County Bar, which

defendant in no way sought to contradict other than by cross-examination, that $500 was reasonable and fair compensation in this cause, is fully justified. Article 4736 R.S.1925, as amended by Acts 1931, c. 91, § 1 (Vernon's Ann.Civ.St. art. 4736); First Texas Prudential Ins. Co. v. Long (Tex.Com.App.) 46 S.W.(2d) 297; National Life Ins. Co. v. Mouton, 113 Tex. 224, 252 S.W. 1040; Union Central Life Ins. Co. v. Chowning, 86 Tex. 654, 26 S.W. 982, 24 L.R.A. 504; Grand Lodge Brotherhood of Railroad Trainmen v. Ware (Tex.Civ.App.) 73 S.W.(2d) 1076; American Central Life Ins. Co. v. Alexander (Tex.Com.App.) 56 S.W.(2d) 864; American Nat. Ins. Co. v. Bird (Tex.Civ.App.) 174 S.W. 939.

■ Defendant's contention that the trial court erred in permitting plaintiff, over its objections, to introduce in evidence the copy of the statement of Dr. E. O. Evans, dated February 27, 1934, is overruled. Proper predicate was laid for the introduction of this copy of the statement, not as evidence per se of plaintiff's condition at the time of the trial, but as constituting the notice of plaintiff's disability and in connection with "due proof" thereof at the time it was sent through the mails to defendant or its agent, as a fact of, or in connection with, plaintiff's demand for payment under the contract of insurance, more than thirty days before this suit was instituted.

We are not unmindful of the fact that this appeal includes the unusual question of the judgment providing for the exaction of comparatively heavy statutory penalties assessed against the defendant. We have, therefore, most carefully reviewed the rulings of the learned trial judge— now deceased, but whose long and able service is revered by bench and bar alike —and we find no error in the trial of this cause, notwithstanding the nature of the judgment.

The defendant was obligated, under the terms of the insurance policy in effect, in case of plaintiff's disability, as insured against, to pay plaintiff the sum of $1,000. The plaintiff asserted her claim for such sum and alleged that that amount was due her under the terms of the policy and the facts of her disability. The defendant denied liability outright, under the terms of the policy and under the facts alleged by plaintiff, and refused payment. Plaintiff instituted this suit in accordance with the laws of this state providing for penalties in such instances, and the jury, under sufficient pleadings and evidence, found the facts on every issue in accordance with plaintiff's contentions, and the court entered the judgment herein complained of, based on such findings and in keeping with the law relating thereto.

Finding no error in the trial of this case, the judgment of the trial court is in all things affirmed.