AMERICAN CASUALTY AND LIFE INSURANCE COMPANY, Appellant,

v.

Mrs. Johnnie BROWN et vir., Appellees.

No. 3106.

Court of Civil Appeals of Texas.

Eastland.

July 9, 1954.

Rehearing Denied Sept. 10, 1954.

702

C. O. McMillan, Stephenville, for appellant.

Ennis Favors, Stephenville, for appellees.

LONG, Justice.

Mrs. Johnnie Brown, joined by her husband, Ross Brown, sued American Casualty and Life Insurance Company on a health and accident insurance policy. The insuring clause in said policy reads as follows:

"Hereby insures the insured-premium payor against loss because of expense incurred while this policy is in force resulting directly and independently of all other causes from bodily injuries received by the insured-premium payor or any dependent listed—effected solely through accidental means or resulting from sickness due to disease which originates more than thirty days after the effective date hereof, or from sickness resulting in surgical operation which originates more than ninety days after the effective date hereof, suffered by the insured-premium payor or any such dependent."

Plaintiff alleged she purchased the policy in question for a consideration of $70 and that it became effective on September 17, 1952, for a period of one year; that on or about March 27, 1953, she sustained an internal injury effected solely through accidental means or that her sickness resulted in a surgical operation originating more than ninety days after the effective date of the policy; that during the time the policy was in full force and effect she entered the Stephenville Hospital and underwent a surgical operation incurring thereby a hospital bill of $495.60, a doctor bill of $200 for which she sued, plus statutory penalty and attorney's fees aggregating a total of $997.07; that claim had been made for payment which was refused. Defendant answered by general denial; that no demand was made therefor and that plaintiff had not complied with the terms of the policy and that the suit was prematurely brought; that the surgical operation and hospital expenses resulted from a condition which originated prior to the issuance of the policy. Upon a trial before the court with the aid of a jury, in answer to special issues, the jury found that (1) Mrs. Brown suffered a bodily injury effected solely by accidental means on or about March 27, 1953; (2) that such injury was the cause of her hospitalization and surgery; (3) that Mrs. Brown incurred hospital and surgical expenses while the insurance policy was in force resulting directly and independently of all other causes from bodily injuries; (4) that $200 would be a reasonable attorney's fee for services rendered by the attorney for plaintiff; (5) that the cause of the surgical operation did not originate before September 17, 1952. Based upon the above findings, the trial court entered judgment in favor of plaintiff for $648. From this judgment defendant has appealed.

Appellant contends the trial court erred in overruling its motion for an instructed

verdict and for judgment non obstante veredicto and also contends there is nothing in the evidence to show any liability on the part of defendant on such contract of insurance and that the evidence is insufficient to show that the insured suffered any loss resulting directly and independently of all other causes from bodily injury effected solely through accidental means or resulting from sickness due to disease which originated more than thirty days after the effective date of the policy or from sickness resulting in surgical operation which originated more than ninety days after the effective date of the policy.

The evidence discloses that Mrs. Brown is a teacher and has taught school for many years in Erath County; that she and her husband operate a dairy a few miles north of the city of Stephenville; that her husband became ill and that she took over the duties of operating the dairy. There is evidence that she was doing manual labor in connection with her work at the dairy; that while she was lifting heavy milk cans she strained herself which resulted in a prolapse of her bladder. There is evidence that prior to this occasion Mrs. Brown had not suffered from any serious illness. There is evidence that some two or three years prior thereto she was examined at the Clinic in Stephenville but from the medical reports it appears that her condition was confined to her digestive system. There is medical testimony to the effect that the lifting of the heavy cans of milk was the direct cause of the prolapse of her bladder and the resulting operation therefor.

■ There is evidence in the record to support a finding of the jury that Mrs. Brown suffered a bodily injury effected solely by accidental means on or about March 27, 1953, and that such injury was the cause of her hospitalization and surgery. There is evidence sufficient to support the finding of the jury that the cause of the surgical operation did not originate before September 17, 1952, the effective date of the policy.

We have concluded that these were all questions of fact properly raised by the pleadings and evidence and that the trial court did not err in overruling the motions for an instructed verdict and for judgment non obstante veredicto. The pleadings and the evidence bring this case squarely under the terms of the policy of insurance.

■ By its sixth point, appellant alleges that the trial court erred in rendering judgment for plaintiff for the reason that the evidence does not show any affirmative proof of loss furnished to the company within ninety days after the date of loss for which claim is made. We cannot agree with this contention. On May 6, 1953, appellee mailed to appellant a statement of the hospital and surgical bills. Attached thereto was the attending physician's report. These instruments authorized the hospital to furnish any information requested, by the company.

On June 1, 1953, appellant received an application from appellee for the hospitalization benefits under the policy. In this application, in answer to the following question propounded: "When did you first notice you were beginning to get sick", the appellee stated: "About one month before surgery, bladder trouble caused by strain."

On June 16, 1953, appellant wrote Mrs. Brown acknowledging the presentation of the claim and set out its contention as to why the company was not liable under the policy.

Attorney for appellee, on August 11, 1953, made formal demand upon the insurance company for payment of the claim. On September 9, 1953, appellant wrote to the attorney for appellee in which it stated that it was not liable under the policy and that "We are willing to vigorously defend this claim in any court if it becomes necessary." We believe the evidence is sufficient to show that proper demand was made upon the insurance company for payment of the claim. There is no question but that the company knew shortly after the operation that appellee was making

a claim for benefits under her policy of insurance with the company. All of the facts surrounding said operation were given to the company. We believe the following cases support our conclusion: National Life & Accident Ins. Co. v. Dove, 141 Tex. 464, 174 S.W.2d 245; National Life Ins. Co. v. Mouton, 113 Tex. 224, 252 S.W. 1040.

Appellant also urges that the trial court erred in rendering judgment for $200 for hospital bill and $200 for doctor bill for the reason that said sums are in excess of the amount provided in the policy. This contention is overruled. The policy provides for $7 per day room rent, payable to the insured, while confined in the hospital. Appellee was in the hospital twenty days, making a total of $140 due under the terms of the policy. The policy further allows a maximum of $60 covering other hospital charges. The evidence shows appellee expended more than $60 for other charges but the court confined the recovery here to the amount allowed under the terms of the policy.

There is attached to the policy a schedule of surgical fees but we have failed to find in this schedule a provision covering an operation for a prolapsed bladder, total hysterectomy, bilateral salpingo-oöpherectomy, perineiorrhaphy, which the doctor testified he performed on appellee. The policy provides: "For any cutting operation not named in the schedule, but otherwise complying with the conditions of the policy, the Company will pay an amount to be fixed by the Company, but in no case to exceed $250.00, except that no benefit shall be payable for extraction of teeth." The company failed and refused to fix the amount it would pay for this cutting operation. In fact, it denied any liability therefor. Appellant makes no contention that the $200 charged by the doctor for this operation is excessive. We believe under the circumstances the trial court did not err in allowing $200 to cover the doctor's fee for performing the operation.

By its eighth point appellant contends the trial court erred in rendering judgment for attorney's fees and penalty for the reason that the demand introduced in evidence was an excessive amount.

By its ninth point it contends the $200 attorney's fee allowed is excessive. We do not agree with either of these contentions. It is true that the demand made by appellee was in excess of the amount recovered herein but it will be observed that appellant denied liability for any amount. Appellant was not misled in any way about the amount appellee claimed was due her under the policy. We cannot say that $200 attorney's fees found by the jury is excessive. Counsel for appellee carried on correspondence with appellant and diligently tried to effect a settlement of this matter before it reached the courts. He instituted the suit and tried the case before a jury. He has prepared and filed an able brief in this court which fairly presents appellee's side of the controversy. In fact, we have been furnished with excellent briefs by both sides in this case. Although the amount is not large, without the services of an attorney, appellee would never have been able to recover the benefits due her under the policy of insurance. It took a large amount of time and much legal ability to properly represent appellee in this case. We believe the fee fixed by the court is not excessive.

By other points appellant contends the trial court erred in overruling its objections to the court's charge for the reason that the issues submitted were not raised by the evidence. We find no merit in these points. We believe the evidence, when viewed in its most favorable light to appellee, raises the issues submitted and is sufficient to sustain the answers of the jury thereto. We find no merit in any of the points presented by appellant and they are accordingly overruled.

The judgment is affirmed.