**NATIONAL LIFE INS. CO. OF U. S. A. v. MOUTON.  (No. 777.)**

(Court of Civil Appeals of Texas. Beaumont. April 4, 1922. Rehearing Denied June 28, 1922.)

1. **Insurance** ⬤⟞602—No recovery of attorney fees and penalty for failure to pay loss after demand where demand is for more than is due.

To give rise to a cause of action against a life insurance company for the statutory penalty and attorney fees (Rev. St. art. 4746) for failure to pay a loss within 30 days after demand, such demand must be for the amount due under the policy and no more; the company not being required to take any action until a just demand is presented to it.

2. **Courts** ⬤⟞121(5)—County court has jurisdiction of action on insurance policy, amount of which, with statutory penalty and attorney's fees, totals over $200.

In an action on an insurance policy, where plaintiff claimed $140 under the policy, and alleged a good cause of action for the statutory penalty of 12 per cent. and $75 attorney's fees for failure to pay within 30 days after demand, the county court had jurisdiction, the amount in controversy exceeding $200.

3. **Action** ⬤⟞62—Premature filing of suit on insurance policy cured by filing amended petition after expiration of statutory period.

The premature filing of a suit on an insurance policy within less than 60 days after making and filing proofs of death is cured by filing an amended petition after the expiration of such period.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by Mary Mouton against the National Life Insurance Company of the United States of America. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Morris & Barnes, of Beaumont, for appellant.

Thos. N. Hill, of Beaumont, for appellee.

WALKER, J. Appellant issued and delivered to Joseph Mouton its policy of insurance, whereby it insured the life of said Joseph Mouton in the sum of $140 for the benefit of Mary Mouton, his mother, the appellee herein. Joseph Mouton was lost at sea in 1919. At the time of his death the policy was in full force and effect. Appellee complied with the conditions of the policy as to the proof of the death of Joseph Mouton, and on the 27th day of April, 1920, made due demand of appellant that it pay her the sum of $280, it being her construction of the policy at the time she made the demand that appellant's liability was that sum. Appellant refused to pay the $280, and made no tender or offer to pay any other sum, and has at all times denied any and all liability under the policy. On the 24th day of May, 1920, appellee instituted suit on the policy, praying for $280 as the principal amount thereof, for interest, statutory penalty, and attorney's fees. On the 16th day of August, 1921, she filed an amended petition, reducing her principal demand under the policy to $140, and in addition to that sum prayed for interest, statutory penalty, and attorney's fees. The trial was to the court without a jury, and judgment was rendered on August 16th for appellee for "the sum of $140, being the face of the policy sued upon, and interest thereon from the 27th day of April, 1920, at the rate of 6 per cent. per annum, amounting to $11.20, and 12 per cent. upon the amount of said principal and interest as penalty, for failure to pay said policy upon the demand, as required by law, amounting to the sum of $18.15, and the further sum of $75, being a reasonable attorney's fee for the prosecution of said suit, the whole amount herein re-

---

covered, and which is adjudged for the plaintiff as against the defendant, being the sum of $244.35."

[1] The trial court erred in rendering judgment for the statutory penalty and attorney's fee. From the time of the original demand to the filing of the amended petition appellee was demanding of appellant the sum of $280, claiming that amount as being due under the conditions of the policy. She never receded from that demand until she filed her amended petition on the 16th day of August, the day on which the case was tried and judgment rendered. To give rise to a cause of action for the statutory penalty and for attorney's fees, under article 4746, Revised Civil Statutes, which is as follows:

"In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent. damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss"

—the demand must be for the amount due under the policy, and not for a greater sum. The insurance company is not required by the terms of the quoted article to take any action until a just demand is presented to it. The penalty is for the failure to pay its contractual obligation, when demand is made therefor in the terms of the statute. When an unjust demand is made, there is nothing in the statute requiring it to make tender of the sum which it concedes to be due (if no defense is asserted) or to abandon its defenses or to make tender to the claimant to be followed by profert in curia. Appellee never made a statutory demand for the sum of $140, the amount which she now concedes to be the amount of appellant's liability under the policy. Hence no cause of action arose in her favor under article 4746. Northwestern Life Assurance Co. v. Sturdevant, 24 Tex. Civ. App. 331, 59 S. W. 61; Mutual Life Ins. Co. v. Ford (Tex. Civ. App.) 131 S. W. 406; National Life Insurance Co. v. Turner (Tex. Civ. App.) 226 S. W. 487.

Appellee relies on the case of Manhattan Life Ins. Co. v. Stubbs (Tex. Civ. App.) 216 S. W. 986. The holding in that case sustains appellee's construction of article 4746, but when that case was reviewed by the Supreme Court (234 S. W. 1105) it was held that the point which we are discussing was not involved in that case. Hence what was said was not an authoritative construction of the article. But, apart from that, we think the holding in the Stubbs Case is against the weight of authority in this state. In our

judgment, Judge Key, in the Turner Case, supra, correctly construed article 4746, and it seems to us the facts in that case are in direct point on the facts in this case.

[2] We overrule all assignments challenging the jurisdiction of the county court. Appellee claimed $140 under the policy, and alleged a good cause of action for statutory penalty and attorney's fees. On the facts of her petition the amount in controversy exceeded $200.

[3] The court did not err in overruling appellant's plea in abatement. If the suit was prematurely brought, that is, if it was filed less than 60 days after the making and filing of proofs of death, this was cured by the filing of the amended petition on the 16th day of August following. Northwestern Life Assurance Co. v. Sturdevant, supra; Southern Union Life Ins. Co. v. White (Tex. Civ. App.) 188 S. W. 266; Foley v. Houston Co-operative Co. (Tex. Civ. App.) 106 S. W. 160.

No error was committed in the admission of testimony, and, after a careful review of the record, we are of opinion that the evidence is such as to sustain the judgment in appellee's favor for $140.

The judgment of the trial court will therefore be reformed by eliminating the statutory penalty and attorney's fees, and as so reformed affirmed.

Reformed and affirmed.