**Mrs. Billy Gene BETHEA, Appellant,**

v.

**NATIONAL CASUALTY COMPANY,**
**Appellee.**

**No. 6151.**

Court of Civil Appeals of Texas.

Beaumont.

Nov. 7, 1957.

Rehearing Denied Dec. 4, 1957.

Johnson, Guthrie & Stanfield, Dallas, for appellant.

Brundidge, Fountain, Elliot & Bateman, Dallas, for appellee.

ANDERSON, Justice.

The appeal is from a judgment that the plaintiff take nothing in a suit on an insurance policy to recover for the accidental death of Billy Gene Bethea, the assured. The suit was brought by the administratrix of the decedent's estate, since no beneficiary was named in the policy. The defendant answered by general denial. The case was tried to the court, without a jury. The plaintiff duly perfected her appeal to the Court of Civil Appeals at Dallas, and the case was then transferred to this court by the Supreme Court.

Only two questions are before us: Was Billy Gene Bethea insured under the policy against death caused as his was? If not, did the defendant lose its right to assert the fact by failing to plead it? We think both must be answered in the negative.

The insurance policy, in material part, provided the following:

> "National Casualty Company
> "Detroit, Michigan
> "A Stock Company
> "In consideration of the payment of the premium, $.... does hereby insure the person whose name appears below (called the insured) subject to

the limitations and provisions herein contained, against death or dismemberment resulting directly, independently and exclusively of all other causes from bodily injury effected solely through external, violent and accidental means while this policy is in force, and which injury shall be sustained in the manner described in the following parts, hereinafter referred to as 'Such Injury.'

\* \* \* \* \* \*

"Section One—Schedule of Indemnities For Loss of Life, Dismemberment or Loss of Sight, Occurring within 30 days from Date of Accident:

| If Sustained In the Manner Described In | Column A Part I | Column B Part II | Column C Part III |
|---|---|---|---|
| | Steam Railroad \* \* \* | Subway \* \* \* Struck by Falling Material | Auto—Pleasure Type \* \* \* |
| For Loss Of: | | | |
| Life .......................... | $10,000.00 | $2,000.00 | $1,000.00 |

———◆———

\* \* \* \* \* \*

"Part II—Electric Interurban Railway, \* \* \*, and Falling Material Accidents; If 'Such Injury' shall be sustained:

\* \* \* \* \* \*

"(i) While walking on a public street or sidewalk by being struck by a falling signboard, awning, brick or stone from a building (except buildings in process of construction, repair or demolition), and cause, within thirty days from the date of accident, any of the specific losses set forth in Section One, the Company will pay the sum set opposite such loss in Column B."

The plaintiff alleged in her petition that the assured was insured "against the loss of life by being struck by falling material." She then alleged that, in the collapse of a bridge on which he was working, "said Billy Gene Bethea was struck by falling material which instantly caused his death." Neither allegation was amplified in the petition.

It is undisputed that the assured was accidentally killed on January 20, 1956, when a part of a bridge he was helping construct across the Brazos River near Hempstead, Texas, collapsed. And we have elected to consider his death as having been caused by his being struck by a falling steel girder, though it is doubtful that the evidence conclusively established that he was struck by the girder or by any other falling object.

In order to be entitled to recover under the policy for death caused by the assured's being struck by "falling material", it was necessary that the plaintiff plead and prove that "while walking on a public street or sidewalk" the assured was fatally injured or killed by being struck by "a falling signboard, awning, brick or stone from a building." She quite obviously failed to discharge this burden by merely pleading that the assured was killed by being struck by "falling material" and by merely proving that while standing on a concrete bridge pier, which itself stood in the Brazos River, the assured was killed by being struck by a falling steel bridge girder.

Appellant contends that the words, "Struck by Falling Material," as used in the policy in the caption of Column B, Section One, and the words, "Falling Material Accidents," as used in the caption of Part II, should be construed as according general coverage for death caused in any circum-

stances and by any falling material not excepted by the terms of the policy. But no such construction is permissible. Readily apparent upon a mere cursory reading of the policy is the fact that in those instances the words were used only to identify the matters alluded to or to be dealt with, and not to fix the scope of the policy's coverage.

 Appellant's contention that by failing to plead affirmatively appellee lost its right to assert that the assured's death was not caused in circumstances and by means bringing it under the coverage of the policy is based on Rule 94, Texas Rules of Civil Procedure, which in pertinent part is as follows:

"Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability; provided that nothing herein shall be construed to change the burden of proof on such issue as it now exists."

The Rule is inapplicable. Appellee has not sought to avail itself of any exception to general hazards insured against. It has merely taken the position, and correctly so, that primarily the burden rested on appellant to plead and prove facts showing that, special exceptions aside, the assured's death was covered by the policy, and that appellant failed to do either of these things. The policy did not insure against accidental death in general. It insured against accidental death only in the event death should result from injury sustained in specified circumstances and from specified causes. The general hazard insured against, therefore, insofar as material here, was death resulting from injury sustained "while walking on a public street or sidewalk by being struck by a falling signboard, awning, brick or stone from a building." And the burden rested on appellant to plead and prove that the assured was injured or killed in the circumstances and by the means stated. We think T.I.M.E., Inc. v. Maryland Casualty Company, Tex., 300 S.W.2d 68, which appellant cites and relies on, supports the views here expressed rather than the propositions contended for by appellant.

The judgment of the trial court is affirmed.