Oscar Colquitte MERRYMAN, Appellant,

v.

**EMPLOYERS NATIONAL LIFE INSURANCE COMPANY, Appellee.**

**No. 6916.**

Court of Civil Appeals of Texas.

Beaumont.

May 25, 1967.

R. E. McDaniel, Winnie, for appellant.

Keith, Mehaffy & Weber, Beaumont, for appellee.

STEPHENSON, Justice.

This is a suit upon an accident insurance policy. Trial was by jury, but at the close of plaintiff's evidence, the case was withdrawn from the jury and judgment rendered for defendant. The parties will be referred to here as they were in the trial court.

The evidence shows that Chambers County carried a group insurance policy for the benefit of its employees with the defendant. Plaintiff was employed as a deputy sheriff and sustained a broken leg while making an investigation. This injury resulted in the leg having to be amputated. Plaintiff brought this suit for the loss of such leg.

The only question in this case is one of law in construing the policy to determine whether plaintiff had the burden of proof to show that the loss of his leg was through accidental means solely and independently of all other causes. If this burden was upon plaintiff then the trial court properly rendered judgment for defendant, as the uncontradicted evidence shows that plaintiff had osteomyelitis in the leg which was amputated, since he was nine years of age, and that the amputation resulted from both the fracture and the diseased condition of the leg.

Plaintiff contends the burden was upon defendant to plead and prove that the loss of the leg was partially caused by the diseased condition, and that defendant's failure to plead specifically such exception under the policy precluded defendant from raising such point. This is in line with the general rule that an insurance company must specially plead any limitation or exception relied upon by it as a defense. Rule 94, Texas Rules of Civil Procedure. The defendant in this case had a general denial and a special denial as follows:

"In this regard, Defendant specifically denies that the loss for which Plaintiff seeks recovery occurred by reason of a direct result of bodily injuries effected solely and independently of all other causes through external, violent and accidental means."

The pertinent part of the policy of insurance in question reads as follows:

"SECTION 10. ACCIDENTAL DEATH AND DISMEMBERMENT BENEFITS FOR EMPLOYEES

1. Benefits Payable

If an employee, while insured for benefits under this Section, suffers any one of the losses specified in the following Schedule of Losses and Benefits as a direct result of bodily injuries effected solely and independently of all other causes through external, violent and accidental means ·and within 90 days after the accident which caused such loss, The Insurance Company will pay the benefit set forth in such schedule."

We have concluded that the insuring clause itself is the key to the solution of this case. The general hazard insured against was not the loss of a foot, but the loss of a foot effected solely and independently of all other causes through external, violent and accidental means. The burden of proof was upon the plaintiff to allege and prove facts showing that the loss of his leg was covered by the policy, and this he failed to do. Bethea v. National Casualty Company, Tex.Civ.App., 307 S.W.2d 323. We think this holding is strengthened by the provision of the policy following the one above quoted. Part (2) of Section 10, proceeds to set out specifically the "limitations" of liability. It is clear to us that if the defendant had been attempting to rely upon any one of these "limitations" that it would have been necessary for defendant to have plead and proved such defense. See also Tix v. Employers Casualty Company, Tex.Civ.App., 368 S.W.2d 105, and Standard Life & Accident Insurance Co. v. Roberts, Tex.Civ.App., 318 S.W.2d 757. The plaintiff's points of error are overruled.

Affirmed.