**RESERVE LIFE INSURANCE COMPANY,**
Appellant,

v.

**Marice CRAGER, Appellee.**

No. 6914.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 22, 1967.

Joe Bailey Humphreys, Dallas, for appellant.

Dies & Dies, Lufkin, for appellee.

STEPHENSON, Justice.

This is an action brought upon a hospital and surgical expense policy of insurance. Trial was by jury and judgment was entered for plaintiff upon the answers to the special issues. The parties will be referred to here as they were in the trial court.

It was stipulated that the policy of insurance sued upon was in full force and effect at the time of the death of the insured, Douglas E. Crager. The plaintiff is Marice Crager, surviving wife of Douglas E. Crager.

The plaintiff's petition reads in part as follows:

(2)

Heretofore, to-wit on or about February 5, 1963, the defendant issued, executed and delivered a policy of hospitalization insurance to Douglas E. Crager, now deceased, said policy being No. FG–738989. While such policy was in full force and effect, said Douglas E. Crager was hospitalized in Lufkin, Angelina County, Texas and under the terms of such policy the defendant became obligated to pay the sum and amount of $750.00 for such hospitalization. Plaintiff Marice Crager is the surviving widow and heir at law of Douglas E. Crager. Though having been requested to meet its obligation under such policy, the defendant refuses to do so, and therefore,

under the law of Texas plaintiff is entitled to sue for and does, with reasonable attorney's fees plus 12% damages. Plaintiff alleges that $350.00 would be a reasonable attorney's fee.

Defendant filed a general denial.

The insurance policy sued upon contained the following insuring clause:

HEREBY INSURES the Applicant, first named in the following Schedule, hereinafter called the Insured, and will pay, subject to all provisions and limitations herein contained, the benefits provided herein for expense actually incurred for hospital confinement commencing while this policy is in force (including any which are covered under any Workmen's Compensation Law or Occupational Disease Act) on account of the Insured or any member of the Insured's family, if any, named in said Schedule (all of whom, including the Insured, are hereinafter called Members of the Family Group)

(a) resulting solely from accidental bodily injury, sustained while this policy is in force, hereinafter referred to as such injury; or

(b) resulting solely from disease, the cause of which originates while this policy is in force and more than fifteen (15) days after the date hereof, hereinafter referred to as such disease.

Three special issues were submitted to the jury. The first read as follows:

Do you find from a preponderance of the evidence that Douglas E. Crager was confined as a resident bed patient in Woodland Heights General Hospital in May and June of 1965 as a result solely from disease or accidental bodily injury?

ANSWER "YES" or "NO".

ANSWER *YES*

The answer to special issue #2 found the insured was confined in the hospital 57 days. The answer to special issue #3 found $350.00 to be a reasonable attorney's fee.

The defendant has a point of error that the trial court erred in overruling its motion for instructed verdict because plaintiff failed to plead and prove a cause of action. This point of error must be sustained. As this court said in Merryman v. Employers National Life Insurance Company, Tex. Civ.App., 416 S.W.2d 609, the insuring clause in the insurance contract is the key to the solution of this case. This policy did not provide for benefits for hospital confinement, but did provide for benefits for hospital confinement resulting solely from accidental bodily injury sustained while the policy was in force or resulting solely from disease, the cause of which originated while the policy was in force and more than 15 days after the date of the policy.

Plaintiff did not plead that the confinement sued for resulted from accident or disease as set forth in the policy. Plaintiff now argues that the pleadings are sufficient, especially in view of the fact that defendant filed only a general denial, and did not plead any limitation or exception as a defense under Rule 94 Texas Rules of Civil Procedure. The burden was upon plaintiff to allege and prove facts showing the loss sustained was covered by the policy, and this she failed to do. Bethea v. National Casualty Company, Tex.Civ.App., 307 S.W.2d 323.

Plaintiff also contends the evidence was sufficient to discharge her burden. No doctor testified in this case, and we have only the testimony of plaintiff, the hospital administrator and an attorney. None of these three witnesses gave any evidence as to the reason for the insured's confinement except the identification of the hos-

pital records by the administrator. These records contain the following:

### SUMMARY SHEET

Provisional Diagnosis:

Bursitis (L) Elbow

Final Diagnosis:

Infected Bursitis (L) Elbow

Secondary Diagnosis or Complications:

Diabetes Mellitus

### HISTORY

CC: Pain over left elbow

PI: This patient has been having severe pain over left elbow, soft tissue swelling and redness for the past week prior to admission to the hospital. He was seen in the office and given medication, varidase plus a preparation for arthritis. However, the swelling did not go down, continued became more severe and it was necessary to admit him to the hospital for control of same.

PH: Had a coronory a year ago, hospitalized for this, also had diabetes which he has been in good control with orinase tablets.

FH: No history of diabetes, tuberculosis or cancer.

■ Assuming the statements contained in the hospital record to be evidence that insured was confined in the hospital because of infected bursitis of his left elbow, we do not consider such statement to be evidence that such condition resulted solely from accidental bodily injury while the policy was in force or that such condition resulted solely from disease, the cause of which originated while this policy was in force and more than 15 days after the date of this policy.

■ It is apparent from this record that the facts have not been fully developed, and

that proof may be made as to the reason the insured was confined in the hospital. This court has the power to remand this case "in the interest of justice," and we have concluded this is a proper case in which to exercise such power. Scott d/b/a Tidelands Motor Inn v. Liebman, Tex., 404 S.W.2d 288.

The pleadings having been amended and the case reheard on a second trial, the problems arising on its first trial should not be encountered again. We, therefore, do not pass upon the remainder of the points of error.

Reversed and remanded.