INTERNATIONAL SECURITY LIFE INSURANCE COMPANY, Appellant,

v.

C. E. SHORT, Appellee.

No. 7933.

Court of Civil Appeals of Texas.

Amarillo.

July 21, 1969.

Rehearing Denied Aug. 25, 1969.

Bryan & Amidei and Maurice Amidei, Fort Worth, for appellant.

Huffaker & Green and Gerald Huffaker, Tahoka, for appellee.

DENTON, Chief Justice.

This is a suit for benefits under a hospitalization insurance contract. The verdict of the jury was favorable to the plaintiff and the judgment was entered for the plaintiff in the sum of $975.80, including attorneys fees.

C. E. Short, plaintiff below, alleged that in response to an advertisement he signified an interest in obtaining a medical and hospital insurance policy. Pursuant to his executing an application and payment of an annual premium, the appellant insurance company issued such a policy to Short and his wife on September 25, 1967. Upon receipt of the policy, Short alleged he discovered it did not conform with certain representations made by the advertisement and the insurance agent. Within three or four days Short returned the policy to the insurer and by an accompanying letter requested that a policy be issued to comply with the stated representations made by the brochure or that his premium be refunded. No re-

sponse was received from this or two subsequent letters of the same tenor. It is admitted the premium was not refunded until it was tendered into the registry of the court after this suit was filed and just prior to trial. No other policy was ever issued nor was the original policy returned to the insured. Mrs. Short was hospitalized in the Methodist Hospital in Lubbock, Texas from November 13 to November 19, 1967, during which time she underwent surgery performed by Dr. John H. Selby. The medical and surgical expenses accrued from this hospitalization are the benefits sued for here.

It is undisputed the original policy was never returned to the insured nor was another policy issued despite the insured's request. It is for this reason the policy was not made a part of the record nor are the provisions of the policy shown. The company did submit a "speciman policy" to insured's counsel some ten days prior to the trial, but it was not offered into evidence.

The insurer was not permitted to introduce a duplicate of the "speciman policy", therefore there is no policy nor any of its provisions in this record. After alleging the itemized list of medical expenses incurred as a result of her hospitalization and surgery, the plaintiff alleged "The Plaintiff would show that, under the representations of the brochure and the Defendant salesman, as hereinbefore set out, which induced the Plaintiff to take the policy in question, that the Plaintiff is indebted for all of said bills incurred by him as is hereinbefore set out, and that by reason thereof he is entitled to recover of and from said Defendant in said sums as set out above." A brochure advertising the insurance plans of the appellant company is in evidence along with a signed receipt for the insured's first annual premium; his cancelled check; and an identification card issued by the insurer, reciting the policy number. On the reverse side of the identification card it reads in part:

"AGGREGATE AMOUNT OF COVERAGE: $1,000.00

SPECIAL BENEFITS: DREAD DISEASE ........$5,000.00

| | |
|---|---|
| Hosp. Room and Board | PAYS IN FULL |
| Misc. Hospital Expenses | PAYS IN FULL |
| Surgery | PAYS IN FULL |
| Hosp. Doctors' Calls | PAYS IN FULL |

THERE ARE MANY OTHER BENEFITS NOT LISTED HERE"

The jury found the parties entered into an insurance contract; that under the provisions of the insurance contract the insurer would pay indemnity to insured for the usual and necessary hospital and medical expenses to his wife as a result of sickness; that there would be no waiting period for coverage to be effective; that insurer would pay in full in addition to Medicare or other insurance; that the insured was covered as to existing conditions; that the insurance contract was in full force and effect when Mrs. Short was hospitalized and underwent surgery; that the insurer waived notice of claim and proof of loss; and that the cause of the operation originated less than six months after the policy was issued.

Appellant's first point of error appears to be multifarious in that it complains of several rulings of the trial court; that is, the overruling of appellant's motion for instructed verdict; overruling of appellant's objections to special issues inquiring if there was an insurance contract, a determination of the benefits under the contract, whether or not it was in force; for the overruling of the amended motion for new trial and rendering judgment for the plain-

tiff for the reason the insurance policy was void under the provisions of Article 3.70–2 (8), Texas Insurance Code, V.A.T.S. However, each ruling complained of involved the same legal question, to-wit: whether or not the policy was void upon the insured's returning the policy pursuant to Article 3.70–2(8). We shall therefore consider the first point of error. Article 3.70–2 reads:

"(A) No policy of an accident and sickness insurance shall be delivered or issued for delivery to any person in this state unless:

\* \* \* \* \* \*

(8) it shall have printed thereon or attached thereto a notice stating in substance that the person to whom the policy is issued shall be permitted to return the policy within ten (10) days of its delivery to such person and to have the premium paid refunded if, after examination of the policy, such person is not satisfied with it for any reason. If such person pursuant to such notice, returns the policy to the insurer at its home or branch office or to the agent through whom it was purchased, it shall be void from the beginning and the parties shall be in the same position as if no policy had been issued. This subdivision shall not apply to single premium non-renewable policies."

Appellant contends under the undisputed facts that when the insured returned the policy, the policy thereupon became void. We do not agree. This Article has to do with the form of accident and sickness insurance policies. Subdivision (8) of this Article requires this notice to be printed in the policy. It is for the benefit of the prospective insured and not the insurer. However, the Subsection places an obligation upon the insurer to refund the premium if the policy is unsatisfactory for any reason to the insured, and the policy is returned. It is uncontradicted the insurer here did not refund the premium upon receipt of the policy. This statutory provision declares a policy void if two conditions are met: (1) a dissatisfied person may return a policy within ten days of its delivery, and (2) a refund of the premium. Clearly the second condition was not performed. Having failed to return the premium upon receipt of the policy, the insurance company cannot now contend the policy in question was void.

■ Appellant next contends the trial court erred in overruling its plea in abatement on the ground the suit was filed prior to the expiration of sixty days after proof of loss had been furnished. The policy was issued September 25, 1967. The hospitalization and surgery occurred November 13 to November 19, 1967, and this suit was originally filed on December 11, 1967. An amended petition was filed more than sixty days after service was had on the original petition. The premature filing of the original suit was cured by the subsequent filing of the amended petition on July 25, 1968. Reliance Insurance Company of Philadelphia v. Nichols (Tex.Civ.App.) 56 S.W.2d 479. Electric Chemical Company v. Tucker Oil Company (Tex.Civ.App.) 87 S.W.2d 328 (Error Dis.). National Life Insurance Company of U. S. A. v. Mouton (Tex.Civ. App.) 242 S.W. 782. Certified question answered 113 Tex. 224, 252 S.W. 1040.

■ Appellant next challenges the award of damages and the introduction of three exhibits purporting to be the hospital and medical bills in question. Mr. Short, the insured, was the only witness who testified concerning the medical and hospital expenses incurred by his wife. He identified the three statements of account and testified they had been paid. He was not questioned concerning the reasonableness of the amounts charged for these services rendered to Mrs. Short. There is no contention he would be qualified to testify to their reasonableness. Our Supreme Court in Dallas Railway & Terminal Company v. Gossett, 156 Tex. 252, 294 S.W.2d 377 has held that it is well settled in Texas that

proof of amounts charged and paid does not raise an issue of reasonableness, and recovery of such expenses will be denied in the absence of evidence showing the charges are reasonable. See also American Central Insurance Company v. Melton (Tex.Civ. App.) 389 S.W.2d 177 (Ref. N.R.E.). Pelham Manufacturing Company v. Ridlehuber (Tex.Civ.App.) 356 S.W.2d 502 (Ref. N.R.E.). The evidence establishing the amount of medical and hospital expenses charged and paid does not constitute evidence of probative force that such charges are reasonable. We find no basis for the jury's answer to special issue Number 9 which inquired of the amount of expenses "actually and necessarily" incurred by the plaintiff.

■ Appellant's fourth point of error reads:

"4. The trial court erred in overruling appellant's Motion for Instructed Verdict, appellant's Objections to the Charge, and First Amended Motion for a New Trial, appellant's objections to the submission of special issues as to whether the parties entered into an insurance contract, as to whether such contract provided appellant would pay appellee hospital and doctor expenses, whether such expenses were payable even though the hospitalization resulted from a pre-existing condition, whether the waiting periods were waived, whether the contract would pay regardless of other insurance or medicare, what was the maximum amount payable under the contract, whether appellant waived any requirement that appellee file notice of claim and proof of loss, and in rendering judgment for appellee because;"

and is followed by twelve alleged omissions of allegations or proof on the part of the insured. The point shows on its face it is multifarious, and cannot be considered on appeal. Rule 418, Texas Rules of Civil Procedure.

Appellant's points 5, 6 and 7 in substance complain of the trial court's judgment being rendered for the plaintiff in view of the pleaded policy exception that no benefits for surgery were payable when the disease or sickness originated less than six months after the policy was issued; the failure to admit a duplicate policy in evidence; and claimed prejudicial statements of insured's counsel during the trial. In view of our disposition of the cause it is not deemed necessary to discuss and pass on these points of error. These alleged errors are not likely to occur during another trial.

Having determined the judgment of the trial court must be reversed, it is our judgment that in the interest of justice, this cause should be reversed and remanded for a new trial rather than to render. 4 Tex. Jur.2d, Section 914, pp. 522 and cases cited.

The judgment of the trial court is reversed and the cause is remanded. Costs on appeal are taxed equally against appellant and appellee.