Harvey H. KIRK, Petitioner,

v.

STANDARD LIFE AND ACCIDENT INSURANCE COMPANY, Respondent.

No. B-2745.

Supreme Court of Texas.

Jan. 12, 1972.

George Busch and Charles Leeper, Fort Worth, for petitioner.

Teis & Zachry, Lawrence Teis, Fort Worth, for respondent.

WALKER, Justice.

Harvey H. Kirk, petitioner, sued to recover disability benefits under an accident insurance policy issued to him by Standard Life and Accident Insurance Company, respondent. The trial court rendered judgment on the verdict in Kirk's favor for $600.00 disability benefits plus $672.00 pen-

alty and attorney's fees. Standard appealed to the Court of Civil Appeals, which concluded that there is no evidence to show that the alleged injury received by Kirk necessitated his continuing care by a licensed doctor as required by the terms of the policy. The judgment of the district court was reversed, and the cause was remanded for a new trial. 465 S.W.2d 770. We reverse the judgment of the Court of Civil Appeals and affirm that of the trial court.

Kirk seeks a recovery under Section III of the policy, which provides as follows:

"If such injuries shall be sustained by the Insured, and do not result in any loss for which indemnity is payable under Sections I or II, but shall within 30 days from the date of the accident, causing Such Injuries, continuously, necessarily and wholly disable the Insured, necessitate his continuing care by a licensed doctor (an M.D., D.O. or Chiropodist, other than the Insured), and prevent him from performing each and every duty pertaining to his usual business or occupation and he is not engaged in any other activity for wage or profit, the Company will pay periodically during such disability, beginning with the first day of disability, for a period not exceeding six consecutive months, an indemnity at the rate of $100.00 per month."

■ The burden was on Kirk to allege and prove facts showing that he came within the coverage of the policy. It was necessary for him to establish, among other things, that the injuries he sustained necessitated his continuing care by a licensed doctor. See United Am. Ins. Co. v. Selby, 161 Tex. 162, 338 S.W.2d 160; Lancon v. Employers Nat. Life Ins. Co., Tex.Civ.App., 424 S.W.2d 321 (wr. ref. n. r. e.); Reserve Life Ins. Co. v. Crager, Tex.Civ.App., 421 S.W.2d 697 (no writ); Texas Reserve Life Ins Co. v. Lothringer, Tex.Civ.App., 394 S.W.2d 660 (no writ);

Bethea v. National Cas. Co., Tex.Civ.App., 307 S.W.2d 323 (wr. ref.).

■ No issue inquiring whether Kirk's injury necessitated his continuing care by a licensed doctor was given or requested, and there was no timely objection to the failure to submit the same. In response to the special issues that were submitted and that are material here, the jury found: (1) that Kirk sustained an accidental injury on about November 18, 1968; and (2, 3, 4) that as a natural result of the injury, he suffered total disability for a period of six months beginning on November 28, 1968. Some of the cluster of issues comprising Kirk's sole ground of recovery were thus submitted to and answered by the jury. The omitted issue concerning care by a licensed doctor is necessarily referable to that ground of recovery and, if raised by the evidence, must be deemed as found by the trial court in such manner as to support its judgment. Rule 279, Texas Rules of Civil Procedure. The only question then is whether the evidence will support a finding that Kirk's injuries necessitated his continuing care by a licensed doctor.

Three witnesses testified in the trial of the case. Two of them were lawyers who gave testimony concerning attorney's fees. The third witness was plaintiff Kirk, who was employed by a painting contractor at the time of his injury. According to his testimony, he hurt his back on November 18, 1968, when he picked up a five-gallon can of paint weighing 65 or 70 pounds. He continued to do light work for several days, but the pain became more severe and eventually prevented his working altogether. The injury disabled him completely for a period of almost eleven months, beginning the latter part of November, 1968. During that time he was unable to work, bend over, or lift any object of substantial weight. When he returned to work in October, 1969, he could bend over but was still unable to lift heavy objects.

Kirk further testified that during the period of his disability, he went to six doctors for examination and treatment of his injuries. The first was Dr. Frank Doyle, a chiropractor in Fort Worth. We give no weight to the treatment received at his hands, because the policy apparently requires that the insured be under the care of "an M.D., D.O. or Chiropodist." Beginning in December, 1968, Kirk consulted the following doctors in the order named and the number of times indicated: Dr. Hanson of Roanoke, two visits; Dr. C. A. McAdams of Denton, two or three visits; Dr. Thomas B. Bussey of Fort Worth, four visits; Dr. Ronald Smith of Fort Worth, at least one visit; and Dr. McDonald of Fort Worth, at least one visit. Each of these doctors examined and treated his back, and several of them took x-ray photographs. The treatment consisted of medication and in some cases physical therapy.

There is no direct evidence that the doctors consulted by Kirk were duly licensed to practice, and Standard insists that the facts proved do not establish that they were licensed. One of them was identified by Kirk as his family doctor. He was referred to the second by another doctor. The third, who was known as a "bone and joint doctor," referred him to the fourth, who was a neurosurgeon. The fifth was connected with the Fort Worth Bone and Joint Clinic. These circumstances plus the methods of examination and treatment used and prescribed indicate that all were holding themselves out as qualified to practice medicine.

 The practice of medicine by one who has not registered the certificate evidencing his right to practice is prohibited by law. See Art. 4498, Vernon's Ann. Tex.St.; Art. 739, Vernon's Ann.P.C. There are cases in which it may be presumed that men and institutions conduct their affairs in compliance with law until the contrary is shown. See First Nat. Bank of Jacksonville v. First State Bank, Tex.Com.App., 291 S.W. 206; Haynes v.

Western Union Telegraph Co., Tex.Com. App., 231 S.W. 361; Kent v. National Supply Co., Tex.Civ.App., 36 S.W.2d 811 (wr. ref). We also know that many people obtain medical treatment without making any inquiry concerning their doctor's license. They simply take it for granted that he would not openly engage in the practice of medicine unless he was authorized to do so. It is our opinion that, in a case such as this, the trier of fact is entitled to make the same assumption in the absence of proof to the contrary. There is no proof here that any of the doctors consulted by Kirk were not authorized to practice, and we hold that the evidence raises a presumption that they were duly licensed. See Williams v. Capital Life & Health Ins. Co., 209 S.C. 512, 41 S.E.2d 208.

 The Court of Civil Appeals also held that the facts proved do not establish: (1) that Kirk's injuries made it necessary that he go to the doctors, or (2) that their continuing care was necessary. Standard insists that only a qualified medical expert would be in position to testify concerning these matters. We do not agree. The policy provision in question does not mean that the care of a doctor must be medically indispensable or even medically expedient. It was included in the policy primarily to prevent or discourage fraudulent claims, and this purpose is served when the alleged injuries are treated by a doctor throughout the period of claimed disability. If Kirk sought and obtained medical attention for his injury in the good faith belief that it is necessary or advisable, and the trier of fact might reasonably conclude from the evidence that he did, the care thus received was "necessitated" by the injury within the meaning of the policy.

Standard has filed an application for writ of error asserting by three points of error that the Court of Civil Appeals, having concluded that there is no evidence that Kirk's injury necessitated his continuing care by a licensed doctor, should have rendered judgment in its favor instead of

remanding the cause for a new trial. In view of our holding on the evidence question discussed above, it is not necessary to consider these points of error.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.