**INTERNATIONAL SECURITY LIFE INS. CO. OF DALLAS, Texas, Appellant,**

v.

**Oscar S. HARWOOD, Appellee.**

**No. 827.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 21, 1973.

Stanley S. Crooks, Dallas, for appellant.

Carl C. Chase, Utter, Chase, Cartwright & Bennett, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit for recovery on a medical and hospitalization policy issued by the appellant insurance company. The plaintiff, Oscar S. Harwood, alleged that he sustained a back injury when he slipped and fell down a flight of stairs on a drilling rig. The trial was to the court without the benefit of a jury resulting in a judgment for the plaintiff for the maximum coverage contracted for in the amount of $1,500.00 plus attorney fees in the amount of $600.00 and a 12% statutory penalty imposed by virtue of Art. 3.62 of the Insurance Code, V.A.T.S. The insurance company appeals.

The plaintiff, Harwood, alleged that he received serious and permanent accidental injuries on July 6, 1971, when he fell on a drilling rig near the Texas Coast and was confined in the Aransas and Corpus Christi hospitals. He alleged that the medical charges for hospitalization greatly exceeded the coverage. He made no claim for doctor bills. The insurance company answered by a general denial that was subject to its plea of privilege. After the case had been on file for approximately 16 months, the parties by agreement overruled the insurance company's plea of privilege. The insurance company plead no special defenses.

The appellant insurance company attacks the judgment of the trial court in four points of error. They are that:

(1) There is no evidence that the hospitals were "legally constituted" under the definition of the policy;

(2) There is no evidence that the medical charges were usual and customary as required by the policy;

(3) There is no evidence that the hospital bills were "necessarily incurred"; and that

(4) There was no demand by the insured which is a pre-requisite for the payment of the penalty under 3.62 of the insurance code.

Three of these points of error are related to the clause in the policy which reads:

"The Company will pay indemnities of this Part III for the usual and customary expenses necessarily incurred only while a person insured hereunder is confined as a bed patient to a legally constituted Hospital while this policy is in force as the result of Accidental Bodily Injury. . . ."

The policy goes on to define a "legally constituted hospital" by enumerating the

services that must be available, expressly excluding rest homes, nursing homes, maternity homes and clinics. We consider the insurance company's points of error in the order presented.

■ The Supreme Court of Texas has held that the burden of proof is on the insured to allege and show that he came within the coverages sued upon. Kirk v. Standard Life & Accident Ins. Co., 475 S. W.2d 570 (Tex.Sup.1972). This rule is subject, of course, to those qualifications embodied in Rule 94, Texas Rules of Civil Procedure. This rule requires that in the case of an insurer, it must include in its answer any exceptions or limitations contained in the policy on which the company relies. The rule does not change the burden of proof, but it gives to the claimant notice of the defenses that the company plans to rely upon. The plaintiff still has the burden of negating such defensive issues. Petroleum Anchor Equipment, Inc. v. Tyra, 419 S.W.2d 829 (Tex.Sup.1967). Where the insurance company fails to allege the particular exception to its general liability, the defensive issue is waived. Petroleum Anchor Equipment, Inc. v. Tyra, *supra*; T. I. M. E. Inc. v. Maryland Casualty Company, 157 Tex. 121, 300 S.W.2d 68 (1957). The hospital records from Spohn Hospital in Corpus Christi, the Aransas Hospital, Inc., and the Lyman-Roberts Hospital in Aransas Pass were admitted over the insurance company's only objection that such records were hearsay. There was no testimony that the records were made in the regular course of business or at or near the time of the event which was the subject of the records. However, the admission of these records is not a point of error on appeal despite the fact that Art. 3737e, Vernon's Ann.Tex. Civ.St., was not complied with. The hospital records showed that many of the services rendered to the plaintiff were specifically enumerated in the policy definition of a legally constituted hospital (i. e. hospital room, nurses' services, x-rays, drugs, laboratory, oxygen services, electrocardiogram

service, anesthetics, dressings, operating and delivery rooms, etc.). We believe the trial judge properly drew from such evidence the inference that the three hospitals in question met the definition of a "legally constituted hospital". See International Security Life Ins. Co. v. Helm, 447 S.W.2d 956 (Tex.Civ.App.—Tyler 1969).

■ The insurance company did not properly object to the admission of the hospital records at the time of trial, but seeks now to avoid general liability by asserting on appeal that the bills did not come from "a legally constituted hospital". We hold that the appellant insurance company cannot lay and wait at trial and attempt to trap an unwary litigant on appeal without compliance with Rule 94, T.R.C.P. The company's insistence that they have no liability except in a legally constituted hospital (as that term is defined in their policy limitation) is unacceptable. Since the limitation was not in its answer, it was waived. T. I. M. E., Inc. v. Maryland Casualty Company, supra. The point of error is overruled.

■ Next, we consider the insurance company's point that there was no proof that the medical expenses were necessarily incurred. This exact same contention caused a reversal in International Security Life Ins. Co. v. Short, 443 S.W.2d 949 (Tex.Civ.App.—Amarillo 1969, writ dism'd). That court stated:

"Our Supreme Court in Dallas Railway & Terminal Company v. Gossett, 156 Tex. 252, 294 S.W.2d 377 has held that it is well settled in Texas that proof of amounts charged and paid does not raise an issue of reasonableness, and recovery of such expenses will be denied in the absence of evidence showing the charges are reasonable. (citations omitted) The evidence establishing the amount of medical and hospital expenses charged and paid does not constitute evidence of probative force that such charges are reasonable. We find no basis for the jury's answer to special issue Number 9 which

inquired of the amount of expenses 'actually and necessarily' incurred by the plaintiff."

A review of the record does not indicate that there was sufficient proof that the expenses were usual and customary or necessarily incurred.

■ Appellant's last point of error is that the insured did not make the requisite demand in order to recover the 12% statutory penalty. Although the plaintiff's petition alleged in effect that numerous bills were submitted to the insurance company and that the company has refused to pay, there was nothing in the petition or evidence that show that the insured made "a demand" of the company, 30 days before the filing of the petition, or "demand" after the institution of the suit with a proper allegation in an amended petition. See International Security Life Ins. Co. v. Redwine, 481 S.W.2d 792 (Tex.Sup.1972). This point of error is sustained.

This brings us to the proper disposition of the appeal. Should this case be reversed and rendered or reversed and remanded for a new trial. The Supreme Court, in a case which was reversed and remanded in part, noted that International Security Life Ins. Co. (this appellant) has "a widespread reputation of refusing to pay legitimate claims, . . ." See International Security Life Ins. Co. v. Finck, 496 S.W.2d 544, 546 (Tex.Sup.1973). In the case before us, there is ample evidence that an injury was received; that the policy was in full force and effect; that the hospital bills were incurred; and the hospital bills were connected to the injury. The insurance company's appeal is predicated primarily on technicalities in the wording of its policy rather than on a substantive defense to its liability. We believe that the case should be remanded in order to give the plaintiff an opportunity to further develop his evidence. As former Chief Justice Calvert stated:

". . . the rule is to remand wherever and whenever it appears that a party with a meritorious claim or defense will lose his case without another opportunity to present it in the trial court." (original emphasis) Calvert, ". . . In the Interest of Justice.", 4 St. Mary's Law Journal 291, 296 (1972).

The hospital bills were connected to the injury. It may be inferred that they were customarily incurred. But an inference in the absence of proof is not enough. The facts in this case were not fully developed. We believe the plaintiff can offer the necessary evidence to develop the record of this case on a remand. Justice and fairness demand that the plaintiff be given another opportunity to develop the evidence fully. Houston Fire & Casualty Insurance Co. v. Nichols, 435 S.W.2d 140 (Tex.Sup. 1968).

"It is the general rule in civil cases that, when the Court of Civil Appeals reverses the judgment of the trial court for lack of evidence in support thereof, it will not render judgment unless it appears that the case in that respect has been fully developed. In such cases, when it does not appear that the facts have been fully developed, the judgment of the appellate court should be one of remand and not one of rendition." (citations omitted) Marr v. Craddock, 406 S.W.2d 278, 280 (Tex.Civ.App.—Tyler 1966, no writ history)

The Marr case is strikingly similar to the one before us in that the claimant had failed to prove that the services rendered in connection with an insurance policy "were either usual, customary, standard or reasonable. . . ."

In our opinion the interest of justice is best served by such action. Cases of similar import as well as Rule 434, T.R.C.P. gives the Court of Civil Appeals some discretion in such matters.

Reversed and remanded.