**FORT WORTH LLOYDS, Appellant,**

v.

**Suttle PURCELL, Appellee.**

No. 4832.

Court of Civil Appeals of Texas, Eastland.

Nov. 7, 1975.

Rehearing Denied Nov. 28, 1975.

Brad Crawford, Jr., Crenshaw, Dupree & Milam, Lubbock, for appellant.

William E. Fulbright, Cayton, Gresham & Fulbright, Lamesa, for appellee.

WALTER, Justice.

Suttle Purcell recovered a judgment against Fort Worth Lloyds on a Texas Standard Fire Policy for $6,000. Lloyds has appealed.

Purcell's building in Lamesa was damaged by an explosion on the premises adjacent to his on April 4, 1970.

Purcell pleaded that he had complied with all the conditions precedent to a recovery on the policy and with all of its terms and conditions. He further alleged:

". . . In the event it should be found that any conditions precedent or requirements of said policy were not complied with, which is denied, then same were waived by the Defendant."

Rule 94, T.R.C.P. is in part as follows:

". . . Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to

a risk or cause coming within a particular exception to the general liability; provided that nothing herein shall be construed to change the burden of proof on such issue as it now exists."

Lloyds did not plead any of the exceptions in its policy which would limit its general liability for loss caused by the general hazards covered by the policy as required by Rule 94, T.R.C.P.

During the trial, Lloyds sought to file a trial amendment. It sought to plead the provision of the policy under "Basic Conditions" dealing with pro rata liability and the provision of the policy under Specific Coverage conditions applicable only to extend coverage as follows:

". . . 'This company shall not be liable for a greater proportion of any loss from any peril included in this coverage than the amount of insurance under Coverage "F, Fire", of this policy bears to the whole amount of fire insurance covering the property.' "

Lloyds' request to file a trial amendment was denied. Its request to withdraw its announcement of ready was also denied. Purcell offered into evidence only the first page of the policy. Lloyds offered the entire policy in evidence. The court admitted the policy with the exception of the coinsurance or pro rata insurance provisions which would have limited Lloyds' general liability for loss caused by the general hazards covered by the policy.

In *T. I. M. E., Inc. v. Maryland Casualty Company*, 157 Tex. 121, 300 S.W.2d 68 (1957), at page 73, the Court said:

"Rule 94 requires an insurer, on penalty of waiving the issue, to allege specifically that the loss was due to a risk or cause coming within a particular exception to its general liability. The exceptions which the insurer must specifically plead are those which limit its general liability for loss caused by the general hazards covered by the policy."

In *Kahla v. Travelers Insurance Company*, 482 S.W.2d 928 (Tex.Civ.App.—

Houston (14th Dist.) 1972, writ ref. n. r. e.), at page 933, the Court said:

". . . The salutary requirements of Rule 94 are of doubtful value if they are to be dependent upon the form of the policy and if the rule is riddled with exceptions or doubtful logic created by judicial construction. See *T.I.M.E.*, supra, 300 S.W.2d p. 73. Simple allegations of the plaintiff should not change the basic requirements of the rule. A plaintiff claiming rights under a policy of insurance is fully entitled to definite pleadings and specific information upon which the insurance company relies to defeat the liability under its policy."

In *International Security Life Ins. Co. of Dallas v. Harwood*, 503 S.W.2d 378 (Tex. Civ.App.—Corpus Christi 1973, no writ) at page 380, the Court said:

"The Supreme Court of Texas has held that the burden of proof is on the insured to allege and show that he came within the coverages sued upon. *Kirk v. Standard Life & Accident Ins. Co.*, 475 S.W.2d 570 (Tex.Sup.1972). This rule is subject, of course, to those qualifications embodied in Rule 94, Texas Rules of Civil Procedure. This rule requires that in the case of an insurer, it must include in its answer any exceptions or limitations contained in the policy on which the company relies. The rule does not change the burden of proof, but it gives to the claimant notice of the defenses that the company plans to rely upon."

■ Lloyds waived its right to rely on the pro rata liability provisions by its failure to affirmatively plead them under Rule 94, T.R.C.P.

■ Lloyds' original answer was filed June 26, 1972. The case was not tried until December of 1974. Lloyds announced ready for trial without tendering any amendments to its pleadings. In *Coffey v. Fort Worth & Denver Railway Company*, 285 S.W.2d 453 (Tex.Civ.App.—Eastland 1955, no writ), the Court said:

". . . Under these circumstances it must be held that appellants did not exercise due diligence in seeking to so amend their pleadings. No excuse is shown for the delay of nearly three years in asserting the existence of an extra-hazardous crossing in 1951 . . . Ordinarily the allowance of a trial amendment is within the sound discretion of the court. The court's ruling thereon is presumed to be correct and is subject to review only on a showing of abuse of discretion. A court does not abuse its discretion in denying permission to file a trial amendment when the record shows lack of diligence and that it would probably prejudice the opposite party in maintaining its defense. *Westinghouse Elec. Corp. v. Pierce*, 153 Tex. 527, 271 S.W.2d 422, 424. The trial court is not ordinarily required to permit amendments that would disrupt the orderly procedure and lead to interminable delay. A party whose pleading is held defective is entitled to amend his pleadings for the purpose of curing that defect, notwithstanding his previous announcement of ready, but 'this only extends to curing by amendment his defective pleading previously filed and does not authorize him as a matter of right to plead new and independent matters * *

(and) this court will not review its action in rejecting a proffered amendment of this character unless it clearly appears that wrong or injustice has been done thereby.' *Ann Berta Lodge No. 42, I. O. O. F. v. Leverton*, 42 Tex.18, 21. See also 33 Tex.Jur. 521."

Purcell objected to the filing of the trial amendment because of lack of diligence. We hold the court did not abuse its discretion in refusing to permit Lloyds to file its trial amendment and withdraw its announcement of ready.

The testimony of Suttle Purcell and his brother, Bowers Purcell, constitutes some evidence of probative force and supports the answer to issue number one that the explosion on the occasion in question caused damages to Purcell's building.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.